## HOPKINS v GARY, ET. AL.

The question, whether the defendant is, or is not sheriff, is involved in an issue, upon a motion against one as sheriff, for failing to make the money upon an execution.

Writ of error to the County Court of Sumter County.

THIS proceeding is a suggestion by Hopkins, that Gary, as the Sheriff of Sumter, could, by the use of due diligence, have made the money on an execution placed in his hands for collection. In order fully to understand the questions raised in this Court, it is necessary to state at length the proceedings in the Court below.

On the 11th day of July, 1842, a notice was served on Gary, informing him that Hopkins would move the County Court of Sumter County, to cause an issue to be made up to try the fact, whether Gary could with due diligence, have made the amount of a certain execution issued from said Court, and fully described in the previous part of the notice; and, if it should be found that the amount of the same could have been made by the said Gary, then he should move the said Court for judgment against Gary and his sureties for the amount of the execution, with ten per cent. as damages, &c. This notice was executed on Gary, and also on Houston and Tarborough, two of his sureties, but was not executed on the other sureties.

At the July term, 1842, of the Court, a suggestion in these terms was filed: "John H. Hopkins, by attorney, suggests to the Court, that Mathias E. Gary, sheriff of the county aforesaid, could, with due diligence, have made the amount of money specified in an execution, issued out of this Court, and returnable to the present term thereof, in favor of the said plaintiff, and against John McGrew, for 327 13-100 dollars, with interest on the same from the 23d day of February, 1842, and also the sum of 12 18-100 dollars. Which said execution came to the hands of the said sheriff to be executed."

No proceedings seem to have been had on this notice and suggestion, either at the July term, 1842, or at the next term,

but at the July term, 1843, the suggestion was renewed, and the proceedings connected with it are thus stated in the transcript:

" This day came the plaintiff, and suggested in writing to the Court, that M. E. Gary, sheriff of Sumter county, could, &c.—(setting out that the money could have been made by him with due diligence, on a certain execution therein stated.) Upon which suggestion being made, the Court ordered the clerk of said Court to make up the issue by ordering a general denial of the facts suggested. (This denial was written on the back of the notice returnable to the July term, 1842.)— This being done, Samuel W. Inge, Esquire, as *amicus curiæ*, suggested to the Court, that no notice had been given to the sheriff of the suggestion; whereupon the Court decided, that notice was necessary, and the plaintiff's counsel offered to show to the Court, that notice had been given, which the Court ruled it would hear, no objections being made. Whereupon the counsel offered the notice returnable to the July term, 1842, with the Coroner's return thereon. The counsel then swore, that since the last term of the County Court, and during vacation, he had verbally informed Gary, that the motion, which in that notice was proposed to be made at the term before the last, would be renewed at the July term, 1843, and that this verbal notice was given with direct reference to said written notice. And Gary, after some conversation, and an explanation as to what case it was, said he would be ready for trial. Since the present term (July, 1843) the witness again verbally informed Gary of the same facts, and that the motion would be made this day, (the day when the trial was had,) and he again said he would be ready for trial. Whereupon the Court decided, said notice was insufficient, inasmuch as the records did not advise the Court of the continuance of any motion made at the last term of the Court to the present term; and that a notice in writing, advising the sheriff of the suggestion made, was necessary, before a trial could be had, and suggested thereupon that the cause should be continued. The plaintiff's counsel then inquired of the Court, what order it made in the case, and was informed that the Court made no order, but would leave the plaintiff to pursue his own course. The counsel then said, that if the Court ordered that he should

give notice to the sheriff he should decline doing so; to this
the Court replied, it would leave the counsel to take his own
course.   The counsel then said, if the Court permits the plain-
tiff, he will go to the jury, and the Court answered, that it
would interpose no objection to the counsel in managing the
case in his own way; that he could go to the jury if he
thought proper, but the court would instruct the jury that no
notice had been given to the sheriff, and if they should find
such to be the fact, the plaintiff could not recover.   Where-
upon the plaintiff put his case to the jury, and after argument,
the Court decided, that it would decline to give the charge
previously intended as to notice; but it instructed the jury
that the question of notice was not involved in the issue; and
the simple question was that presented in the issue; if they
found that the sheriff could, with the use of due diligence,
have made the money mentioned in the execution, they must
find for the plaintiff, provided the plaintiff had also proved to
their satisfaction, that Gary, the party sought to be charged
as sheriff, was sheriff at the time the want of diligence is
charged; otherwise they must find for the defendant.   Where-
upon the plaintiff excepted.

The bill of exceptions is not certified with the transcript,
but one was agreed on by the parties, and substituted by con-
sent.   This states that the question, whether Gary was sheriff,
was not submitted to the jury for decision, except as it was
embraced in the solution of the question, whether Gary could
have made the money with due diligence.   The Court charg-
ed the jury, that the question, whether Gary was sheriff was
embraced in the question submitted to them, and that unless
the plaintiff had proven that Gary was sheriff, they must find
for the defendant.

A verdict was found for the defendant, on which he had
judgment.

The plaintiff prosecutes the writ of error, and here assigns
that the Court erred:

1. Because the judgment entry contains matter not proper
for a judgment, and creating unnecessary cost.

2. In deciding that the sheriff had no notice.

3. In the intimations, as shown by the judgment entry,

which were calculated to prejudice the jury against the plaintiff's right, on the facts.

4. In assuming a fact in the case, that no notice had been given, and then determining that it was a question for the jury.

5. In the charge to the jury as shown by the bill of exceptions.

R. H. SMITH, for the plaintiff in error, made the following points:

1. No notice was necessary. [Clay's Dig., 218, § 85; Reid v. Planters' and Merchants' Bank, 3 Ala. Rep., N. S. 713; 6 Porter, 48; Minor, 376; Neal v. Caldwell, 3 Stew. 134.]

2. If notice was necessary, the duty of the Court was to see it given. [Kirkman v. Harkins, 1 Porter, 22; Reid v. Jackson, 1 Ala. Rep. N. S. 207.]

3. As the plaintiff was allowed to go to the jury, he was authorized to infer that the Court had seen proper notice given.

4. The sheriff had pleaded no plea denying the character in which he was sued, and if a notice to him is to be presumed, from the fact, that the Court permitted the plaintiff to go to the jury, then the question, whether Gary was sheriff, did not arise at the trial. [Jemison v. Harper, 1 Porter, 431; 1 S. & P., 546; 4 Ala. Rep. 214; Ib. 296.]

5. That a sufficient notice was given.

6. An issue was formed.

7. If it was necessary to prove Gary's character as sheriff, this was a question for the Court and not for the jury. [Reid v. Bank, 3 Ala. Rep. 712; Minor, 376; 1 S. &. P. 471; Neal v. Caldwell, 3 Stew. 134.]

8. The Court officially knew its own sheriff.

S. W. INGE, contra, insisted there was no other question in the case but that arising out of the bill of exceptions.

Every Court it is true must know its own officers for the time being, but that is a different question from knowing that he was in office at a previous time, and when a default is charged. But the inquiry, of sheriff or no sheriff, is necessarily involved in every inquiry of due diligence, because if the

party is not in office he cannot be chargeable. Independent of this, it frequently becomes important to such an inquiry, to ascertain with exactness, when an officer became such.

GOLDTHWAITE, J.—We throw aside all the assignments of error in this case, except the last, with the general remark, that they present matters that we cannot revise, whatever may have been their effect upon the case in the Court below. We may regret the unnecessary prolixity of the judgment entry, but we are not aware that this fault should be visited on a party who seems to have had no agency whatever in making it so. It is possible too, that the conversation between the counsel on one side and the Court, may have produced some effect on the jury; but were we to reverse causes for such reasons, we fear that oftentimes, the substantial justice of a case would be defeated without any reason whatever.

To proceed then to the examination of the only question presented in such a manner as to admit of consideration here. It seems the County Court charged the jury, that the question, whether Gary was sheriff was involved in the issue to be tried by them; and unless this had been proved, that there finding should be for the defendant. It is difficult to conceive of any state of facts that could be before the jury, under such an issue as this, in which this proof would not stand out in bold relief. If the execution was before them, it was probably shown to have been in the defendant's hands as sheriff; if it was indorsed with the time when received, as required by law, that was proof; if it was returned by him the same conclusion would follow. Easy as the proof was, it nevertheless was a matter embraced in the issue, and if not proved the defendant was entitled to a verdict. That the question of sheriff or no sheriff is embraced in this issue would be evident, if we suppose a suggestion of this kind; or what is really the same thing, an action brought against one who is not, nor never was sheriff, there is no reason to doubt that such a one cannot be charged. Again, let us suppose a sheriff qualified on some particular day, and the attempt is to charge him for not making the money upon an execution against a person who has previously parted with his property; is it not evident that the question then is, whether the sheriff was author-

ized to act at the time when action could be effectual? Indeed we can conceive of no suit against a sheriff for negligence, or breach of duty of any kind, where this question is not necessarily involved.

We see enough in this transcript to satisfy us that the Court was not disposed to add an explanation to any charge requested by either party; nor can we say, strictly speaking, that the law imposes any such duty on a Court; generally to speak, a Court is passive and waits to be excited to action by either of the parties; and we are not authorized to infer, either in this or any other case, that a general charge, strictly correct by itself, would not have been modified to suit the particular circumstances if a request had been made. If there was any fact before the jury which established that Gary was sheriff, nothing was more easy than to request instructions as to its effect as proof.

In the condition in which this case is, it is possible that injustice has been done, but we are not authorized to infer this from the mere fact, that a general charge, unexceptionable in point of law has not been explained or exemplified by the Court of its own mere motion.

Let the judgment be affirmed.