HEIDTKE, Executor, Appellant, vs. KRAUSE and wife, Respondents.

*September 9 — September 28, 1897.*

*Mortgage to secure bond: Judgment on foreclosure.*

A son, to whom his parents gave a deed of their farm, gave them back a mortgage on the premises to secure his bond in the penal sum of $2,000, conditioned that if he annually paid to them or to the survivor, during their lifetime, one half the annual produce of the farm, and allowed them the use of all the buildings and of the garden, and the pasturage of one cow, and provided them with necessary medical attendance and suitable burial, then the obligation should be void. *Held,* upon foreclosure of such mortgage after the son had performed all conditions except the payment of about $377, made up of unpaid annual dues and funeral expenses paid by other heirs, that the judgment should be, not for the penal sum of the bond, but only for the amount so unpaid. The practice, under secs. 19, 20, ch. 140, R. S. 1858, of rendering judgment for the penalty, on breach of a bond, was changed by sec. 2890, R. S. 1878.

APPEAL from a judgment of the circuit court for Milwaukee county: CHAS. V. BARDEEN, Judge. *Affirmed.*

Action to foreclose a mortgage. The action is by the executor of the last will of Johann Krause, deceased.

On February 9, 1880, Johann Krause and Caroline, his wife, deeded to the defendant *Albert Krause* the premises described in the mortgage upon which this action is brought. *Albert Krause* is a son of Johann Krause. At the time of the giving of the mortgage in question, *Albert* executed and

Heidtke vs. Krause and wife.

delivered to the said Johann, his father, a bond in the penal sum of $2,000, conditioned that if the said *Albert Krause* pay annually to the obligees in the bond, or the survivor of them, during their lifetime, one half of all the produce raised upon the farm, in lieu of interest upon the purchase-money mortgage given to secure the bond, and shall allow the obligees, so long as either of them shall live, the free use of all buildings upon the premises, and the free use of the garden, and the pasturage of one cow, and, at all times during the sickness of either of said obligees, procure medical attendance at his own expense, and, in case of their death, provide for their burial in a suitable manner, then the obligation to be void; otherwise to remain in full force and effect. The mortgage set out in the complaint was given as collateral security for the performance of the conditions of the bond.

After the execution of the deed, bond, and mortgage, the said Johann and Caroline Krause continued to live on the premises until on or about October 12, 1891. It is not disputed that during all this time the defendant complied fully with the terms of the bond. About the time of the last-mentioned date, the said Johann and Caroline Krause moved from the premises covered by the mortgage, and went to live with a daughter, Mrs. Bournefiend. There is no evidence to show that this act was not entirely voluntary on their part. It was then agreed that *Albert* should pay $100 annually, in lieu of a part of the crops. Caroline Krause died at the home of Mrs. Bournefiend, in November, 1891. Her funeral expenses were paid by Mr. Bournefiend. Later, Johann moved to the home of another daughter, Mrs. Robert Heidtke, wife of the plaintiff, and continued to live there until the time of his death, in July, 1894. His funeral expenses were paid by the plaintiff.

The court found that the defendant had failed to pay the sum of $165 of such annual payments, and was indebted therefor, and $155.50 for medical attendance and funeral expenses of Johann Krause, and $57, last expenses of the

Heidtke vs. Krause and wife.

mother, Caroline,— in all, $377.50. The court found due on the bond and mortgage $377.50, as the balance due on the annual payments, and for medical and funeral expenses of Johann and Caroline Krause, with $100 solicitor's fees, and gave judgment for foreclosure of the mortgage. From this judgment the plaintiff appeals.

*J. M. Clarke*, for the appellant.

For the respondents there was a brief by *Austin & Fehr*, and oral argument by *W. H. Austin*.

NEWMAN, J. The error claimed is that the judgment fails to provide for the recovery of the penalty of the bond. It is claimed that the penalty of the bond should be treated as purchase money agreed to be paid for the premises. But such a contention would be contrary to the bond itself, as well as contrary to the evident intention of the parties. The elder Krause intended to give this farm to his son, reserving only sufficient for the support of himself and wife, and to provide for burial; and so it is provided that, when such provisions as are for their maintenance are complied with, the bond is satisfied and of no further force. The penalty of the bond is of no significance as indicating an intention that the obligor should pay for the farm. The penalty of the bond is a mere nominal sum, supposed to be more than sufficient to cover all possible damages from nonperformance of its conditions. The former practice on breach of the condition of a bond was to render judgment for the amount of the penalty, and to issue execution for the amount only which was due for the breach of the condition. R. S. 1858, ch. 140, secs. 19, 20. This was changed by sec. 2890, R. S. 1878. The proper practice now is to render judgment for the amount which is due for the breach of the condition of the bond. The judgment is manifestly right.

*By the Court.*— The judgment of the circuit court is affirmed.