WHEREATT, Respondent, vs. ELLIS and another, imp., Appellants.

*May 17 — June 2, 1899.*

*Bond on appeal: Consideration: Delivery: Service: Principal: Sureties: Insolvency: Discharge from debts: Forfeiture of bond: Liability of sureties: Recovery: Damages: Interest: Demand.*

1. An appeal from an intermediate order being perfected, a second bond, required and given as terms of a stay of proceedings in the trial court pending the appeal, conditioned for the payment by the party appealing to the opposite party of such judgment as he may recover in the action, refers to the judgment that such opposite party may finally recover in the trial court.
2. A bond given in response to a discretionary order of the court is not void for want of a consideration.
3. A bond, not required by any statute directing the manner of its service, given to stay proceedings in an action, is sufficiently served if the directions of the court in that regard be followed.
4. A discharge of the principal in a bond by operation of law does not discharge the sureties.
5. A bond having been given to a plaintiff, conditioned that the defendant will pay plaintiff such judgment as he shall recover in the action, the regular recovery of a judgment and failure of defendant to pay it forfeits the bond and renders the sureties liable notwithstanding the principal may have been previously discharged of his liabilities under the insolvent laws of the state.

Whereatt vs. Ellis and another.

6. In an action on a penal bond, the amount recoverable is not absolutely limited by the penalty. If the damages, to secure which the bond was given, exceed the penalty and draw interest, the penalty will draw interest also, and the recovery may include both the penalty and such interest.

7. The test of whether, when damages against a principal in a penal bond exceed the penalty, the penalty will bear interest, depends upon whether such damages recoverable against the principal include interest.

8. If a demand upon the principal is necessary to start the interest period running against him, it is necessary as to the sureties; and where the claim is wholly unliquidated, so that a demand against the principal will not start the interest period as against him, it will not against the sureties, nor will the commencement of the action have that effect, because the latter circumstance has no significance as to the time when interest should be computed other than it constitutes a demand.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

The complaint stated all the material facts covered by the findings filed by the court. Such findings were in substance as follows: June 25, 1886, plaintiff recovered a judgment against defendant Ellis for $2,938.10 in the circuit court for Trempealeau county, Wisconsin. Thereafter, on motion of Ellis, he was permitted to answer the complaint, the judgment to stand, however, as security for plaintiff's ultimate recovery. February 6, 1892, thereafter, Ellis moved the court to dismiss plaintiff's complaint. That motion was denied and Ellis appealed from the decision to this court, obtaining a stay of proceedings in the circuit court upon filing with the clerk of such court a bond in the sum of $1,000 conditioned that he would pay the plaintiff such judgment as he might recover in the action. The bond was signed by the defendants in this action, Ellis signing as principal and the other defendants as sureties. Such sureties bound themselves as follows: "The said defendant will pay to the said plaintiff such judgment as shall be recovered in the action, in case said order shall be affirmed by the supreme

court on said appeal, not exceeding one thousand dollars."
The order appealed from was affirmed and thereafter such
proceedings were duly had in the circuit court that plaintiff
recovered judgment against Ellis for $1,940.25 and costs,
upon which judgment plaintiff collected, by a sale of Ellis's
interest in some real estate, $550; and otherwise the judg-
ment is wholly uncollected. April 4, 1895, before the ren-
dition of the judgment, but after the cause was tried and
submitted for decision, Ellis, in due form of law under the
statutes of this state governing the subject, was duly dis-
charged from all his debts and liabilities. The discharge
was not called to the attention of the trial court before the
rendition of the judgment, but thereafter, on motion, the
court perpetually stayed all proceedings for its collection.
After the occurrences mentioned this action was commenced
to recover of the defendants on the aforesaid bond the sum
of $1,000 with interest from the date of the rendition of the
final judgment against Ellis. On such facts judgment was
ordered for the amount of the bond with interest in accord-
ance with the prayer of the complaint, which judgment was
accordingly entered and the sureties appealed.

For the appellants there was a brief by *Wickham & Farr*,
and oral argument by *James Wickham*. They contended,
*inter alia*, that the sureties were discharged by the discharge
of the principal in insolvency. *Wolf v. Stix*, 99 U. S. 1; *Odell
v. Wootten*, 38 Ga. 225; *Carpenter v. Turrell*, 100 Mass. 450;
*Fontaine v. Westbrooks*, 65 N. C. 528; *Sigler v. Shehy*, 15 Ohio,
471; *Kenly v. Hughes*, 1 Browne (Pa.), 258; *Thomas v. Cole*,
10 Heisk. 411; *Martin v. Kilbourn*, 12 Heisk. 331; *Cham-
pion v. Noyes*, 2 Mass. 481; *Trumbull v. Healy*, 21 Wend.
670; *Rowland v. Stevenson*, 6 N. J. Law, 149; *Burns v. Sim's
Bail*, 2 Cranch, C. C. 75; *Beers v. Haughton*, 9 Pet. 329;
*Thomae, K. & Co. v. Brown*, 9 Watts, 288; *Belknap v. Davis*,
21 Vt. 409; *Robinson v. Hodge*, 117 Mass. 222.

For the respondent there was a brief by *L. A. Doolittle*
and *A. J. Sutherland*, and oral argument by *Mr. Doolittle*.

MARSHALL, J.   The first suggestion as regards why the judgment appealed from is wrong is that the bond was for the payment of the judgment rendered in the supreme court, not that rendered in the circuit court.  We are unable to see any merit in that contention.   The appeal bond for costs covered the only judgment that by any possibility could have been contemplated as a result that might be reached on the appeal.   The only other judgment that could have been in the minds of the parties, as one that might be subsequently obtained, was that which plaintiff did obtain in the circuit court after the determination of the appeal; so the conclusion is reached that the bond was given to secure, to the extent of $1,000, the circuit court judgment, as respondent contends.

It is further said in support of the appeal that the bond or undertaking is without consideration.   The stay order was one that the trial judge was authorized to grant or refuse in his discretion.   It was competent to grant the stay upon reasonable terms.   Defendant gave the security as a consideration for the stay and enjoyed the benefit of it pending the appeal.  That was ample consideration for the bond. None of the large number of cases cited to our attention on this point appears to bear on the subject adversely to our conclusion.   The case here does not involve an unnecessary or unauthorized undertaking, or an undertaking contrary to the statute.   The undertaking was properly required by the trial court and was given and received in accordance with the order of the court.

It is further said that the undertaking was not delivered; and in support of that statutes are cited in regard to undertakings required thereby.   The undertaking in question was not required by any statute regulating the manner of its service.   It was a bond required pursuant to judicial discretion and was served in precisely the manner ordered by the court.   It would be useless to multiply words to show that such a service is sufficient.

Whereatt vs. Ellis and another.

It is contended that the sureties were discharged by a discharge of the principal. The circumstance mentioned in the undertaking, required to fix the liability of the sureties, was the rendition of judgment against the principal in the pending action in the circuit court. That circumstance occurred. The subsequent perpetual stay of execution to enforce the judgment, granted in proceedings adverse to the plaintiff, did not affect the liability of the sureties. Before it was granted the right of plaintiff to proceed against the sureties on the undertaking had become a vested right of property and it could not be divested by a discharge of the principal by operation of law. That is elementary. The numerous cases cited by appellants' counsel to an opposite view, when carefully examined, do not support it. *Wolf v. Stix*, 99 U. S. 1, seems to be the leading case on the subject. A reference to that case shows that the court decided, in effect, that if security be given that a party to an action will pay any judgment that may be rendered against him in an action, and judgment is never rendered because prevented by a discharge of the principal in the bond, the sureties cannot be held, for the obvious reason that the contingency upon which their liability was made to depend was rendered impossible by the discharge. *Sigler v. Shehy*, 15 Ohio, 471, is to the same effect. Judgment was never rendered against the principal in the bond, but was rendered against his assignee in insolvency, who prosecuted in place of the principal. It was held that a personal judgment against the principal was requisite to fix the liability of the sureties. *Odell v. Wootten*, 38 Ga. 225, and the other cases cited by appellants' counsel, that treat directly of the question, are to the same effect. Brandt, Suretyship & G. (§ 150) states as elementary that a discharge by operation of law does not affect the sureties on the bond of the person discharged. The following in *Phillips v. Solomon*, 42 Ga. 192, is quoted: " The discharge of the principal, which discharges

a surety, must be a discharge by some act or neglect of the creditor, and a discharge by operation of law, being, as it is, against the consent and beyond the power of the creditor, does not discharge the surety."

Lastly, it is contended that the court erred in allowing a recovery in excess of the penalty of the bond. It was an ancient doctrine, and is still followed to some extent in England, that the penalty in a penal bond limits the amount of the recovery however much the actual damages of the obligee may be. The practice formerly was to sue for the penalty and take judgment therefor, with a provision for enforcing the judgment to the amount of plaintiff's damages, adjudicated in the action and fixed by the judgment. The strict rule that a recovery cannot in any event exceed the penalty in the bond has very little support in this country, and the practice in most jurisdictions has been done away with of taking a judgment in form for the penalty and issuing execution for actual damages, the matter being regulated by statute providing for the entry of judgment for the actual damages. Such is the situation in this state. Sec. 2890, R. S. 1878; *Heidtke v. Krause,* 97 Wis. 118.

In accordance with the great weight of American authority the judicial rule here, as to interest, is that when the damages for the breach of a penal bond exceed the penalty, the obligee is entitled to interest on the penalty, the interest period, however, to be controlled by the right of the obligee to interest upon the damages against the principal. That is to say, when the circumstances are such that the principal is chargeable with interest on the damages accruing from the breach of a bond and such damages are equal to or exceed the penalty, the interest period on such penalty will commence at the same time as that against the principal on such damages. *Clark v. Wilkinson,* 59 Wis. 543. When the bond is breached under this rule, the penalty, to the amount of the damages, immediately becomes the debt of the sure-

ties and bears interest the same in all respects as any other debt due on contract, if the principal claim bears interest. If the damages are certain as to amount, or may be made certain approximately, either by mere computation or by reference to known market values, in short, if the damages are not of the class known as wholly unliquidated, a demand on the principal starts the interest period running against him, hence against his sureties. If no demand is necessary to start the interest period against the principal, none is required against the sureties.

This court omitted to decide, in *Clark v. Wilkinson, supra,* as to when the interest period on the penalty of a bond, if recoverable, commences,— whether from the commencement of the action or the time of the breach of the bond. It was said that the cases elsewhere are not harmonious on the subject. An examination of the adjudications of other courts shows that only a few are out of harmony with the rule that the time of the breach of the bond fixes the beginning of the interest period, if the principal is liable for interest from that time. Suth. Dam. § 477; *U. S. v. Arnold,* 1 Gall. 348. The opinion on the subject in the latter case is by Justice STORY. The following words are used: "I think the true principle, supported by the better authority, is that the court cannot go beyond the penalty and interest thereon from the time it becomes due by the breach." In *Wyman v. Robinson,* 73 Me. 384, the court by PETERS, J., speaking on the subject, said, in substance: 'It is commonly said that damages cannot exceed the penalty of a bond. Rightly understood that is true. It limits the amount the sureties agreed to pay, but they agreed to pay that amount if the damages suffered by the obligee should equal it, immediately upon the breach of the bond. So in such circumstances, if the full penalty be paid at the date the bond is breached, an obligee will get no more than the sureties agreed to pay. If the obligation of the sureties be not met at the time of

the breach by the principal, they become liable for interest from that time because of their failure to perform the contract.' To the same effect are *U. S. v. Curtis,* 100 U. S. 119; *Bank of Brighton v. Smith,* 12 Allen, 243; *Leighton v. Brown,* 98 Mass. 515; *Frink v. Southern Exp. Co.* 82 Ga. 33; *Burchfield v. Haffey,* 34 Kan. 42.

The question of whether interest on the penalty was recoverable in this case is determinable. by the rules that govern other money demands on contracts. That is from the time it ought to have been paid if the sum was then certain as to amount or could be made reasonably certain by computation or otherwise; or in other words, if the claim was not of the character called wholly unliquidated.

If the amount claimed down to the time of the determination in this suit remained wholly unliquidated, then no interest on the penalty could properly have been recovered prior to that time. If the breach of the bond was complete without a demand on the principal or sureties, and the claim was not wholly unliquidated, then such demand was not necessary to set the interest period running against the sureties; otherwise a demand was necessary. The commencement of a suit has no significance on the question of interest except as it constitutes a demand. So if a demand would not have started the interest period in operation the commencement of the suit did not. This subject was recently so fully covered by Mr. Justice Dodge, in *Laycock v. Parker,* *ante,* p. 161, that more need not be said in regard to it here.

Applying the foregoing to this case, it is held that the trial court rightly allowed interest on the penalty from the time of the rendition of the judgment in the principal action. That judgment fully settled the amount of the damages that plaintiff was entitled to recover of the principal in the bond, and the interest commenced to run thereon at once under the statute in regard to interest on judgments. The debt of the principal, so far as relates to the liability of

Kernan vs. Northern Pacific R. Co.

the sureties on the bond, was due and payable without demand as soon as the judgment was rendered; therefore the breach of the bond was completed by the obligor's failure to make such payment. The amount of the judgment as diminished by collections made thereon exceeded the penalty on the bond, therefore interest commenced to run from the time of the forfeiture, the date of the judgment referred to. Such was the ruling of the trial court and the judgment appealed from must be affirmed accordingly.

*By the Court.*— The judgment of the circuit court is affirmed.