POPE, Respondent, vs. TITLE GUARANTY & SURETY COMPANY, Appellant.

*February 20—March 19, 1913.*

*Bankruptcy: Judgment against bankrupt, how far void: Enforcement against sureties: Statute construed.*

Under sec. 67 f of the Bankruptcy Act—providing that "all levies, judgments, attachments or other liens" obtained against an insolvent within four months prior to the filing of a petition in bankruptcy "shall be deemed null and void in case he is adjudged a bankrupt," etc.—it is not the judgment itself, but only the lien or preference created thereby, that is void, the purpose of such provision being simply to prevent the judgment creditor from obtaining any advantage over other creditors in the distribution of the bankrupt's estate; and the judgment creditor may, nevertheless, recover in an action against the surety upon a bond to pay the judgment (whose liability depends upon the validity of the judgment), where such action in no way affects other creditors of the bankrupt.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

*E. P. Worthing,* for the appellant, cited, among other cases, *In re Beals,* 116 Fed. 530; *Bank of Commerce v. Elliott,* 109 Wis. 648, 85 N. W. 417; *Windisch-Muhlhauser B. Co. v. Simms,* 129 La. 134, 55 South. 739; *A. Klipstein & Co. v.*

*Allen-Miles Co.* 136 Fed. 385, 386; *Wolf v. Stix,* 99 U. S. 1, 7, 25 L. Ed. 309; *Crook Horner Co. v. Gilpin,* 112 Md. 1, 75 Atl. 1049; *Almon H. Fogg Co. v. Bartlett,* 106 Me. 122, 75 Atl. 380; *Shevlin v. Whelen,* 41 Wis. 88; *House v. Schnadig,* 235 Ill. 301, 85 N. E. 395; *Goyer Co. v. Jones,* 79 Miss. 253, 30 South. 651; *Young & Co. v. Howe,* 150 Ala. 157, 43 South. 488; *L. Mohr & Sons v. Mattox,* 120 Ga. 962, 48 S. E. 410; *Nat. B. & L. Co. v. Spencer,* 53 App. Div. 547, 65 N. Y. Supp. 1001; *In re Benedict,* 37 Misc. 230, 75 N. Y. Supp. 165; *In re Richards,* 96 Fed. 935; *In re Breslauer,* 121 Fed. 910; *St. Cyr v. Daignault,* 103 Fed. 854; *In re Kenney,* 105 Fed. 897; *Clarke v. Larremore,* 188 U. S. 486, 23 Sup. Ct. 363; *In re Darwin,* 117 Fed. 407.

For the respondent there was a brief by *Morse & Chadbourne,* and oral argument by *R. L. Morse.*

Barnes, J.    On July 8, 1911, the plaintiff commenced an action against the National Boat & Engine Company and attached its property.    On July 14th the attachment was released on a bond conditioned to pay on demand the amount of any judgment which the plaintiff might recover.    This bond was signed as surety by the *Title Guaranty & Surety Company,* the defendant in the present action.    Judgment by default was taken in the original action on August 3, 1911.    On September 5, 1911, the defendant therein was adjudged a bankrupt.    This action is brought against the surety to recover the amount of the judgment secured by plaintiff against the bankrupt.    The substantial question in the case is whether the adjudication in bankruptcy destroyed the judgment and released the surety from liability.    The answer to this question depends upon the construction that should be placed on sec. 67 f of the Bankruptcy Act (30 U. S. Stats. at Large, 564, 565, ch. 541, 1 Fed. Stats. Ann. 693).    This section reads as follows:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is in-

solvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

If this statute is to be read literally, and it is held that the judgment has been wiped out of existence by the proceedings in bankruptcy, then we think it would have to be conceded that the bondsman is absolved from liability. Its undertaking is to pay a valid judgment, not one that is void and does not in fact exist. If the statute only destroys any lien created by the judgment and simply aims to prevent the judgment creditor from obtaining any preference or advantage over the general creditors of the bankrupt by virtue of his judgment, then the adjudication in bankruptcy did not discharge the surety.

There are a number of decisions wherein the courts, following the language of the statute, have said that the effect of an adjudication in bankruptcy within four months after the recovery of a judgment against the bankrupt is to render the judgment void. *In re Richards,* 95 Fed. 258, and *In re Beals,* 116 Fed. 530, are typical of the class of cases referred to. In nearly all of them the same result would have been reached had the courts held that it was the liens created by the judgments that had been destroyed and not the judgments themselves. The point presently under discussion was neither involved nor considered in the great majority of these cases which are relied upon by the appellant, and therefore they cannot be accorded any great weight in deciding the question before us.

Congress gets its power to legislate on the subject of bank-

ruptcy from sec. 8 of art. I of the constitution, which empowers it to pass "uniform laws on the subject of bankruptcies throughout the United States." It has been held, correctly we think, that the *"subject of bankruptcies* includes the distribution of the property of the fraudulent or insolvent debtor among his creditors, and the discharge of the debtor from his contracts and legal liabilities, as well as all the intermediate and incidental matters tending to the accomplishment or promotion of these two principal ends." *Silverman's Case,* 2 Abb. (U. S.) 243, 245.

The present Bankruptcy Act aims to secure an equal and equitable distribution of the debtor's property among his creditors, and to promote that end has in effect provided that no preference or advantage may be obtained by one creditor over another by virtue of any attachment, garnishment, or levy made within four months of the adjudication in bankruptcy. This is as far as it was necessary for Congress to go to attain the ends aimed at. It may well be doubted whether Congress could go to the extent claimed. A creditor has a right to sue his debtor. State courts have jurisdiction of the persons of the parties, if they live therein, and of the subject matter of an action on contract brought to collect a debt. A judgment in such an action is valid when rendered. Congress can say to the creditor: "You may not obtain any special advantage by virtue of the judgment over other creditors in the distribution of the bankrupt's estate," and further, that the creditor may be discharged from his debts and that the judgment cannot be enforced against him. But can it say, for instance, that the judgment is not evidence of the amount of the indebtedness due from the bankrupt to the judgment creditor? Or, that the judgment is unenforceable if the bankrupt is not entitled to a discharge under the law? Or, that the judgment creditor may not proceed against a surety whose liability depends on the validity of the judgment, where such action in no way affects the other creditors of the bankrupt?

Whatever may be the correct answers to these questions, they pointedly suggest the improbability of Congressional intent to legislate to the extent claimed and to the extent to which a literal reading of the statute would lead. It was wholly unnecessary to do so. The judgment of the Wisconsin court was valid when it was rendered, and the liability of the surety became fixed at such time. If the creditor had any real estate to which the lien of the judgment attached, such lien was destroyed by the adjudication in bankruptcy, because such destruction was necessary to preserve the property for all of the creditors. The same would be true of the attachment lien if that had continued. If the bankrupt was discharged the judgment could not be enforced against him, because Congress had the right to absolve the bankrupt from his debts after his property or the proceeds of it were distributed among the creditors. It was wholly unnecessary to discharge the surety from the payment of its obligation in order to protect either the debtor or the creditors.

Aside from what has been said, there are a number of considerations which warrant the conclusion that the statute aimed at the lien created by a judgment rather than the judgment itself.

The words "all judgments" found in sec. 67 f, heretofore quoted, are found in the act under the subtitle "Liens" and are found in connection with the words "levies," "attachments," and *"other liens,"* indicating that it was the lien rather than the judgment itself that Congress intended to reach.

Sec. 63 a of the Bankruptcy Act provides that judgments are provable as claims against the estate of the bankrupt without regard to the time of their rendition. Congress certainly did not intend that a void judgment could be proved as a claim in the bankruptcy proceeding.

Sub. 5 of sec. 63 a provides that judgments rendered after the filing of the petition in bankruptcy and before the consideration of the application for the discharge may be

proved against the estate of the bankrupt less costs incurred and interest accrued after the time of filing the petition.

Under sec. 17 judgments in actions for frauds or obtaining property under false pretenses or for wilful and malicious injury to the person or property of another are not affected at all by a discharge in bankruptcy. Such a judgment is perfectly valid if entered the day before filing the petition in bankruptcy. If sec. 67 is to receive a literal construction, it is obviously inconsistent with sec. 17, because the words *"all judgments"* would include one rendered in any of the classes of cases provided for in said sec. 17.

Sec. 905, R. S. of U. S., provides that the records and judicial proceedings of the courts of any state or territory when duly authenticated as therein specified shall have such faith and credit given them in every court in the United States as they have by law or usage in the courts of the state from which they are taken. This statute in substantially its present form was enacted in 1790, and it is hardly supposable that Congress intended to amend or partially repeal it by sec. 67 f of the Bankruptcy Act.

Again, if the words "all judgments" are to be literally construed, they must be held to include judgments rendered in courts of foreign countries regardless of treaty stipulations, and perhaps even judgments in the court in which the bankruptcy proceedings are being carried on.

We hold that the words "all judgments" are qualified and defined by their context and that it is the lien or preference created by the judgment that is void. This conclusion is not without support in the authorities. *Doyle v. Heath,* 22 R. I. 213, 47 Atl. 213, is a well-considered case directly in point. The case of *In re Richards,* heretofore cited, was appealed, and the circuit court of appeals in affirming the judgment was careful to say that it was the lien of the judgment that sec. 67 f declared to be void. 96 Fed. 935. *In re Pease,* 4 Am. Bankr. Rep. 547, is likewise in point. In this case it is said

that sec. 67 f was incorporated in the Bankruptcy Act by the conference committee, and the following quotation is made from the report of the House conferees as found in the Congressional Record, second session, 35th Congress, p. 7205:

"By an addition to sec. 67, which relates to liens, the bill has been materially strengthened. . . . In effect, liens of any description obtained upon the property of a bankrupt within four months of the adjudication are made null and void, except where given for a new and fair consideration to a person who has no notice of the insolvency or reasonable cause for inquiry."

This quotation would indicate that the authors of the section had in mind the matter of declaring liens void rather than judgments. Other cases holding that judgments recovered within four months of the adjudication in bankruptcy are not void are *In re Kavanaugh*, 99 Fed. 928; *In re Beaver Coal Co.* 110 Fed. 630; *In re Blair*, 108 Fed. 529. Moreover, the federal supreme court has held that sec. 67 f should not receive a literal construction, and in substance and effect has said that it is the lien of the judgment and not the judgment itself that is destroyed. *Metcalf v. Barker*, 187 U. S. 165, 174, 23 Sup. Ct. 67. Our own court held in *Bank of Commerce v. Elliott*, 109 Wis. 648, 85 N. W. 417, that filing a petition in bankruptcy does not prevent a party from maintaining and prosecuting an action against the bankrupt in the state courts, and that the creditor can only defeat such an action if meritorious by pleading his discharge in the bankruptcy proceedings.

Holding as we do that the judgment was not void, we see no good reason why the surety should escape liability. The contingency has arisen under which it agreed to respond in damages. The mere fact that plaintiff by reason of the bankruptcy proceedings cannot enforce his judgment against the bankrupt does not extend immunity to the surety. It agreed to pay when judgment was rendered against its principal. That event having taken place, the surety should respond.

*Wolf v. Stix,* 99 U. S. 1, 8. Indeed, many of the cases recognize the right of the creditor to take a judgment coupled with a perpetual stay of execution in order that the event may take place on which the liability of the surety is made to depend, and this court recognized the existence and the propriety of such a rule in *Whereatt v. Ellis,* 103 Wis. 348, 352, 79 N. W. 416. The decision in that case is conclusive as to the liability of the surety here. There is no difference in principle between the two cases.

Some cases are cited which deal with the effect of a discharge in the bankruptcy proceedings. No such question is in the case. No discharge was either pleaded or proved, and we infer from the record that the bankruptcy proceedings had not been wound up when this case was tried.

It is also urged that no sufficient demand was made before the commencement of suit. This is a technical defense involving a matter of costs only. We think the thirteenth stipulation of fact shows a sufficient demand on the defendant before suit was instituted.

*By the Court.*—Judgment affirmed.