## KOHN, WEIL & CO. v. WEINBERG ET AL.

[70 South, 353.]

BANKRUPTCY. *Effect on pending actions. Validity of judgment.*
>    Where a plaintiff recovered a judgment against defendant before a justice of the peace and defendant gave bond and appealed to the circuit court, and thereafter defendant was adjudged a bankrupt, but had not been granted a discharge before his case was brought to trial in the circuit court, and judgment was rendered against him and the sureties on his bond in that court, the bankruptcy court having authorized the plaintiff to proceed to judgment. In such case the circuit court had jurisdiction of the parties and the subject-matter, and its judgment was valid against the defendant and his sureties and a subsequent discharge in bankruptcy of defendant did not relieve his sureties.

APPEAL from the chancery court of Sunflower county. HON. E. N. THOMAS, Chancellor.

Suit by A. Weinberg and others against Kohn, Weil & Co. From a decree in favor of complainants, defendant appeals.

The agreed statement of facts is as follows:

It is agreed by and between the parties complainant and defendant, that on the 16th day of November, 1911, Kohn, Weil & Co. filed suit in the justice of the peace court of P. F. P. Herring versus Abe Weinburg for one hundred and eighty-two dollars and twenty-five cents, and that he was properly summoned to appear and defend the same; that judgment was entered by default on November 28, 1911, against Abe Weinberg for the sum of one hundred and eighty-five dollars and twenty-five cents, with interest thereon; that within five days thereafter Abe Weinberg filed his appeal bond to the circuit court of Sunflower, with P. F. P. Herring justice of the peace, with I. Harris and Joe Zachariah as sureties, appealing the judgment rendered in favor of Kohn, Weil & Co. to said circuit court.

It is fully agreed that on or about the 29th day of December, 1911, Abe Weinberg filed a voluntary petition in bankruptcy, in the district court of the United States for the western division of the southern district of Mississippi, sitting in bankruptcy, which court had exclusive jurisdiction over bankruptcy matters; that he was immediately adjudicated a bankrupt by said bankruptcy court, and a receiver was appointed to take charge of his bankrupt estate, and as soon as possible thereafter a trustee was elected and took charge of his said bankrupt estate; and that within forty days after the filing of his petition in bankruptcy and having been adjudicated a bankrupt, he filed a petition for a discharge with the clerk of the district court of the United States for the western division of southern district of Mississippi, that being the proper officer with whom said petition should be filed.

It is further agreed that his assets were sold by the trustee in bankruptcy and the proceeds of said sale distributed among his creditors.

It is further agreed that Kohn, Weil & Co. was a *bona fide* creditor of the said Abe Weinberg, and that in his schedule filed in bankruptcy he scheduled their said ac-

count, giving the amount due, their name, and place of residence, and that Kohn, Weil & Co. received notice of the filing of the petition in bankruptcy.

It is further agreed that Kohn, Weil, & Co. filed their account in bankruptcy, by making the proper and necessary proof and affidavit thereto, proving said account as an unsecured account, according to the forms in bankruptcy, and that they filed the same with M. D. Landau, referee in bankrupcty of the district court of the United States, in which district said petition of Abe Weinberg was pending; that the account filed in the bankrupt court by Kohn, Weil & Co. was the identical account sued on in the justice of the peace court of P. F. P. Herring at the time above mentioned, that being, the suit appealed to the circuit court, and on which judgment was there rendered, and the same account the collection of which in the form of a judgment by the circuit court of Sunflower, Miss., this suit was filed to enjoin.

It is further agreed that the judgment rendered by the circuit court of Sunflower, Miss., was rendered at the October term, 1912, of the said circuit court, some six months after the petition in bankruptcy had been filed by Abe Weinberg, bankrupt, and that prior to the trial of said cause in said circuit court the said Abe Weinberg filed a petition in said circuit court, asking that all proceedings in that court be stayed until the question of his discharge by the bankrupt court be passed upon, and that Kohn, Weil & Co. procured an order from H. C. Niles, Judge of the district court of the United States for the district of Mississippi, permitting the circuit court to proceed to judgment in said cause.

'It is further agreed that immediately after the petition for a discharge had been filed by the said Abe Weinberg in the district court of the United States, Kohn, Weil & Co. filed objections to the discharge, in which they alleged all of the statutory grounds to discharge of the said Weinberg, and that proof had been taken on the objections filed to his discharge, and submitted to the

referee in bankruptcy, to whom the petition for discharge
had been referred, and that he had passed upon the same,.
and certified his findings to H. C. Niles, Judge of the
district court, and recommended the granting of the dis-
charge prior to the trial of said cause in the circuit court.
of Sunflower county, and that the discharge was granted
after the trial of said suit in said circuit court; and a
month or so after this bill was filed.

It is further agreed that the amount due Kohn, Weil,.
& Co., by Abe Weinberg was for goods, wares, and mer-
chandise bought in the ordinary course of business, and
that immediately after the rendition of the judgment in
the circuit court of Sunflower county, Kohn, Weil, & Co.
withdrew their objections to the discharge of Weinberg..

It is further agreed that after the assets belonging to
the bankrupt estate of Abe Weinberg had been converted
into money by the trustee, the referee in bankruptcy,.
after paying the expenses of administration of his said
bankrupt estate, declared a dividend as between the cred-
itors of the said Weinberg, and paid out to them in such
dividend all of the funds derived from the bankrupt's es-.
tate; and that Kohn, Weil & Co. received as their share
of the dividend the sum of $———, which amount was ac-
cepted by them, before judgment was rendered in its fa-
vor by said circuit court.

It is further agreed that this cause be submitted to
the court on this agreed statement of facts, and the trial
proceed thereon, as if all the facts alleged herein had
been properly proven by depositions of witnesses.

*Moody & Handy,* for appellant.

In this case Weinberg had been adjudged a bankrupt
when the state court was advised of the proceedings in
the bankrupt court.   He had not obtained from the bank-
rupt court an order staying all proceedings in the state
court, but on the contrary the plaintiff in that case, the
appellant here, had obtained an order from the bankrupt

court authorizing it to proceed to final judgment in that case. Therefore, if we are correct in our construction of the Bankrupt Act of 1898 to the effect that after adjudication, the matter of a stay of all proceedings in a cause pending in a state court then surely the judgment complained of was properly rendered for the reason that both the bankrupt court in granting the order to plaintiff to proceed, and the state court, in permitting it to proceed, exercised the discretion vested in them by the statute.

If your honors will carefully compare section 11 of the Bankrupt Act of 1898 with section 5106 of the Bankrupt Act of 1867, you will be impressed with the difference between the two statutes. In the latter it is made clear that all proceedings both before and after adjudication shall be stayed until after the question of the debtor's discharge has been determined, except where there is unreasonable delay, and except where the amount claimed is in dispute, in which latter event the cause may proceed to judgment for the purpose of ascertaining the amount due, but for that purpose only. But by the former statute, you will observe, that all proceedings in such a cause shall before adjudication, and only before adjudication, be stayed. After adjudication and after an application for a discharge has been filed all proceedings may or may not be stayed as the bankrupt court may determine. In the latter statute the word shall, is used and by virtue of the statute alone all proceedings' must be stayed, except in the two instances named. In the former statute the word shall has reference to the stay of proceedings before adjudication. After adjudication the word may is used, showing clearly that it was the intention of Congress to leave to the discretion of the court the question of stay. Though before adjudication the question of a stay was not to be left to the discretion of the court.

We are not unaware of the rulings of this court in the case of *Goyer Company* v. *Jones*, 79 Miss. 253. This

court in that case held that inasmuch as the liability of
the sureties on an appeal bond was conditioned for the
payment of such judgment as might be rendered against
the principal obligor in that bond, that if no judgment
could be rendered against the principal obligor, no judg-
ment could be rendered against the sureties. There-
fore, if before the trial, the principal in an appeal bond,
had been discharged in bankruptcy, no judgment could
be rendered against him, and if no judgment could be
rendered against him, no judgment could be rendered
against the sureties. The reasoning in that case is sound
and the conclusion is correct, but that is not the case
presented to the court now. At the time our case came
up for trial, the principal in the appeal bond, Weinberg,
had not been discharged in bankruptcy, nor did he plead
any discharge in bar of a recovery. He claimed that he
had been adjudged bankrupt and asked that all proceed-
ings in that suit be stayed pending the hearing of his
application for a discharge. To that we replied that the
question of a stay in proceedings in this case is left to
the discretion of the bankrupt court, and that the bank-
rupt court had entered an order authorizing us to pro-
ceed to judgment in that cause. The lower court (the
circuit court), held that the question of a stay was in
the discretion of the bankrupt court and permitted the
cause to proceed to trial and thereupon judgment was
rendered as provided by the statutes, against Wein-
berg and the sureties on his appeal bond.

That cause was by the bankrupt court permitted to
proceed to final judgment, not because there was un-
reasonable delay on the part of the bankrupt in apply-
ing for a discharge, and not because the amount due was
in dispute, but on the contrary for the purpose of en-
abling the plaintiff, in that suit to recover judgment
against the sureties on the appeal bond, and thereby en-
force a liability against them created before any bank-
ruptcy proceedings were instituted. True, the bank-
rupt court, under the Act of 1867 could only allow the

cause to proceed in a state court where there was unreasonable delay on the part of the bankrupt in applying for his discharge or where the amount due was in dispute, but under the Bankrupt Act of 1898 there is no such limitation placed on the power or authority of the bankrupt court. Under the Act of 1898 the bankrupt court has authority to permit the cause to proceed to trial for any and all purposes whatever, while, as stated, under the Act of 1867 that court could only permit the cause to proceed to trial where there was an unreasonable delay or where the amount due was in dispute. The liability of Zachariah and Harris as sureties for Weinberg was created more than a month prior to the filing of the petition in bankruptcy by the latter. True this was a conditional liability and not an absolute one. They were not bound under any and all circumstances. But when the contingency upon which their promise to pay was conditioned, occurred, their liability became absolute and they were as much bound as if the liability had been absolute in the first instance. Their liability was conditioned for the payment of such judgment as might be rendered against Weinberg, not for the payment of such judgment as should be rendered against Weinberg and enforceable out of his estate. The facts of our case, as stated, are essentially different from the facts in *Goyer Company* v. *Jones, supra.* In the *Goyer Company* case no judgment could be rendered against the bankrupt because of his discharge, so none could be rendered against the sureties on his appeal bond. But in our case judgment could be and was, by leave of the bankrupt court, rendered against Weinberg as principal, and as the condition of the bond was for the payment of such judgment as might be rendered against the principal, and as the statute provides that in all cases where judgment is rendered against the principal, judgment can also be rendered against the sureties, the judgment rendered by the circuit court was not even erroneous, much less void.

It must be kept in mind that the judgment rendered by the circuit court against Weinberg as principal and Zachariah and Harris as sureties on the appeal bond, has never been appealed from. The bill in this cause was filed in the chancery court and the chancery court is asked to nullify a judgment rendered by the circuit court. Even if a judgment was erroneous, the chancery court is without power to grant relief. But, as stated, the judgment is not even erroneous, much less void. See *In re Franklin,* 106 Fed. 666.

Effect of the discharge of the bankrupt.

Judgment was rendered by the justice of the peace in favor of the appellant against Weinberg on November 28, 1911. On that day Weinberg filed an appeal bond with Zachariah and Harris as sureties. This bond was conditioned, as prescribed by section 83 of the Code, "for the payment of such judgment as may be rendered" by the circuit court against Weinberg. At the time this judgment was rendered no bankruptcy proceedings had been instituted as Weinberg did not file a petition in bankruptcy until December 29, 1911. When the case came on for trial in the circuit court that court, as provided by section 86 of the Code, when judgment was rendered against Weinberg, also entered judgment against Zachariah and Harris as the sureties on Weinberg's appeal bond. Subsequent to the rendition of this judgment, Weinberg, Zachariah and Harris filed the original bill in this cause in the chancery court, and at the time this bill was filed Weinberg had not even been discharged in bankruptcy. However, before this case came on for final hearing, Weinberg was discharged in bankruptcy and it is now claimed that the debt on which judgment was rendered was one provable in bankruptcy against Weinberg and that his discharge operated to release not only Weinberg from any liability on this judgment, but also to release Zachariah and Harris, the sureties against

whom the judgment was also rendered. Therefore the question presented for the decision of the court is, does the discharge in bankruptcy of a principal, subsequent to the rendition of a judgment against him and the sureties on his appeal bond have the effect of discharging such sureties from any liability on such judgment.

If the discharge had been obtained prior to the time the case was tried in the circuit court, as a matter of course judgment could not have been entered against the sureties on the appeal bond for their obligation was conditioned only for the payment of such judgment as might be rendered against the principal and as the principal was discharged in bankruptcy and no judgment could be rendered against the principal because of that, of course no judgment could be rendered against the sureties. This was the holding of the supreme court of the United States in the case of *Wolf* v. *Stix*, 99 U. S. 1. This was also the holding of this court in the case of *Goyer Company* v. *Jones*, 79 Miss. 253. But this is not now the question presented for the decision of this court. Here a judgment has been entered not only against the principal but also against the sureties and a discharge was obtained long after the rendition of this judgment.

A creditor having a judgment against both principal and surety may cause the property of either to be taken to effect the payment of the debt. That this is the law there can be no doubt but see 27 Am. & Eng. Ency. Law (2 Ed.), p. 64 and cases cited.

It is true that the rights of a surety in a judgment are in some particulars protected by statute in this state, but in the case at bar no statutory right is asserted by any of the appellees apart from statutory provisions the grounds upon which sureties may be discharged fall under two main heads, and they are: 1st, discharge by the extinguishment, satisfaction, release or change of the principal contract; 2nd, discharge by acts *in pais*. 27 Am. & Eng. Enc. of Law (2 Ed.), 489.

While we understand this to be the law, still before a. surety can claim a discharge, something more than the mere release of the principal by operation of law must be shown. In the case before the court it is not claimed that the judgment complained of was extinguished, satisfied or released by a performance, payment, tender of payment, release, or by any act of the judgment creditor. The only claim made is that the principal debtor in the judgment has been, by operation of law, discharged from any liability on the judgment because of his discharge in bankruptcy. Of course if the creditor had released the principal from any liability on such judgment such action on his part might also release the surety, but that would be because of some act of the creditor. But the same result in no wise follows where the principal is released by operation of law.

In support of this contention we refer the court to the following authorities: "The surety is not discharged where the plaintiff, instead of being discharged by the creditor, owes his discharge to an act of law, as where he is discharged in bankruptcy or insolvency proceedings, or where the action against him is barred by limitations." 27 Am & Eng. Ency. of Law (2 Ed.), 493 and case cited; *Whereatt* v. *Ellis*, 74 Am. St. Rep. 865; *Wolf* v. *Stix*, 99 U. S. 1; *Odell* v. *Wooten*, 38 Ga. 225; Brandt on Suretyship & Guarantee, section 150; *Phillips* v. *Solomon*, 42 Ga. 192.

But it may be contended that this rule was changed by the Bankrupt Act of 1898, but this, of course, we deny for the reason that the Federal Statute re-announces and re-affirms the common-law rule on this subject. By section 16 of the Bankruptcy Act of 1898 it is expressly provided that "the liability of a person who is a co-debtor with, or guarantor or in any manner a surety for a bankrupt, shall not be altered by the discharge of such bankrupt."

After the liability of the surety to the creditor has ceased to be contingent and has become fixed, it does.

·seem to us that in view of this statute there could be no
·question that a subsequent discharge of the principal in
nowise effects the liability of the surety to the creditor.
It does seem that this would be a correct conclusion,
even if the common-law rule on the subject was differ-
·ent.

*Frank E. Everett,* for appellees.

Counsel for appellant endeavors to draw  a distinc-
tion between the meaning of section 11, of the Bankrupt
.Act of 1898 and section 5106 of the Bankrupt Act of 1867.
This same distinction was drawn in the chancery court
on the trial of this cause but the chancellor correctly
·decided there was no difference in the meaning of the
two acts.  The contention made in the brief of counsel
· for appellant would mean, if enacted into law, the ab-
rogation of the bankrupt law *in toto.*  Before passing
upon these two statutes, let us see if there are not other
·bankrupt statutes which apply to this case and  which
·must be construed with the two now under consideration.

Under paragraph 12 of section 1, "Meaning of Words
·and Phrases," it is declared that  "discharge"  shall
mean the release of a bankrupt from all of his  debts
which are provable in bankrptcy, except such as are
·excepted by this act."

Section 17 of the same act provides the exception re-
·ferred to in the bankruptcy act, and which are, 1.  Tax-
es levied by United States, state, county,  district  or
municipality in which he resides; 2.  Judgments in ac-
tions for fraud, false pretense or wilful and malicious
injury to person or property;  3.  Those which  have
not been scheduled in time for proof and allowance, ex-
·cept where the party had actual  knowledge  of  the
bankrupt proceedings;  4.  Where the debt is created
by fraud, embezzlement or defalcation while acting as
an officer or in any fiduciary capacity.  Only those debts
·mentioned in section 17 are not dischargeable.

By reference to the record in this case (I cannot re-fer the court to the page because I have not the record before me), but by reference thereto, the court will see the "stipulation of counsel" upon which this case was submitted to the chancellor. In that it will be seen that the debt sued on here is the same debt that was proved in bankruptcy and on which a dividend was declared and paid to appellant and received and accepted by it long prior to the trial of this case in the circuit court of Sunflower county. It is therefore my contention when the appellant filed its account in the bankrupt court and participated in the dividend, its account being one dischargeable under the bankrupt law, it was then precluded from saying that its account had not been paid and cannot go into any other court and try to enforce the collection of the remainder of its debts. It will be noticed that appellant in its suit in the circuit court and in the judgment rendered there, does not give credit for the amount of the dividend it received from the bankrupt court. In support of this contention, I cite the following authorities: *Chapman* v. *Forsythe,* 11 L. Ed. (U. S.) 236; *Goodman* v. *Herman,* 172 Mo. 357; *Fried* v. *Talcott,* 57 L. Ed. (U. S.)———..

Again it is contended by counsel for appellant that, they do not seek to bind Weinberg, but only to bind the sureties on his appeal bond Zachariah and Harris. I submit that in this attempt, they fall squarely in the case of *Goyer Co.* against *Jones* reported in the 79th Miss. at page 255. The only difference in the two cases is that, in the *Goyer Co. case,* Jones had secured his discharge; in this case the only reason the discharge was not granted prior to the judgment was because Kohn-Weil & Co. had filed objections thereto. See the record where it is agreed that "Immediately after a petition for a discharge had been filed, Kohn-Weil & Co. filed objections to the discharge, and that proof had been taken on the objections filed against the discharge and submitted to the referee in bankruptcy, to whom the petition for discharge had

been referred, and that he had passed upon the same and certified his finding to H. C. Niles, judge, and recomended the granting of the discharge prior to the trial of this cause in the circuit court.   It is further agreed that immediately after the rendition of the judgment in the circuit court, Kohn-Weil & Co. withdrew their objections to the discharge of Weinberg.''

The chancellor held that appellant had no claim against Weinberg, therefore it could have none against his sureties on the appeal bond; that its acts in filing objections to the discharge and withdrawing them immediately upon recovering a judgment was a fraud upon Weinberg and done only for the purpose of gaining an advantage not countenanced by law or in equity.   At least, that was the effect of his holding.

We took the proper proceeding in filing a petition in the state court to stay the suit.   *Allen* v. *Montgomery*, 43 Miss. 102; *Hill* v. *Harding*, 27 L. Ed. (U. S.) 493.   I respectfully submit that this case should be affirmed.

STEVENS, J., delvered the opinion of the court.

The appeal in this case is from a decree of the chancery court of Sunflower county canceling a judgment rendered by the circuit court in favor of appellant and against Abe Weinberg, principal, and Joe Zachariah and I. Harris, sureties, and perpetually enjoining appellees from enforcing the said judgment.   Appellant, a corporation, recovered judgment in the justice of the peace court against Abe Weinberg for the sum of one hundred and eighty-two dollars and eighty-five cents.   Weinberg appealed to the circuit court with Joe Zachariah and I. Harris as sureties on his appeal bond.   The appeal bond was conditioned according to the statute ''for the payment of such judgment as the circuit court may render against him.''   Thereafter Weinberg filed a voluntary petition in bankruptcy, was duly adjudicated a bankrupt, a trustee appointed for his estate, and his estate was there-

upon administered in accordance with the bankruptcy law. Weinberg, within forty days after the adjudication in bankruptcy, filed his petition for discharge, to which appellant filed objections, and the question of Weinberg's discharge was referred to the referee for proof and his report. When Weinberg's appeal came up for trial in the circuit court, and while his application for discharge was pending, he filed a petition in the circuit court, suggesting his bankruptcy, advising the court of his petition for discharge, and asking that all proceedings in his appeal case be stayed until his petition for discharge was acted upon. In response to this application appellant produced an order granted by the district judge sitting in bankruptcy, authorizing appellant as plaintiff to proceed to judgment in that suit. The circuit court thereupon overruled the application to stay the proceedings, and the case proceeded to trial and judgment, was rendered, in favor of appellant and against Weinberg as principal and Zachariah and Harris as sureties on the appeal bond, for the full amount sued for. Execution was then issued on this judgment against the sureties, and was in the hands of the sheriff when Weinberg and his said sureties, appellees herein, presented their bill in the chancery court, reciting the facts above stated, averring, further, that since the rendition of the judgment by the circuit court Weinberg had been discharged from bankruptcy, and praying for the cancellation of the judgment as to all the judgment debtors and for an injunction against the execution of the same. Appellant answered the bill, denying the allegation that the judgment was void, or that Weinberg had been discharged, and denying the right of complainants to any of the relief sought by the bill. Thereafter appellant filed a motion to dissolve the injunction, and the cause was heard upon bill, answer, and agreed statement of facts. The agreed statement of facts discloses that the discharge was granted after the trial of the appeal in the circuit court and a month or so after the bill of complaint in this cause was filed.

The circuit court had jurisdiction of the parties and the subject-matter, and the judgment herein enjoined was not void. Conceding that suits against a bankrupt may be and should ordinarily be stayed after adjudication and before the discharge is granted, the record discloses express · authority, granted appellant by the bankruptcy court, to proceed to judgment in the state court, and the rendition of judgment based upon a claim that was admittedly due an owing. When the justice court rendered its judgment, there was no adjudication of Weinberg as a bankrupt, and the express obligation of the sureties was to pay such judgment as the circuit court should render. When the circuit court called the case for trial Weinberg had not been discharged, and was therefore in no position to plead his discharge in bar of the demand sued on. It seems that he had no defense to the suit. The judgment was rendered by the state court with full approval of the bankruptcy court, and the sureties have no right to complain. The appeal from the justice court was a voluntary act of Weinberg and the obligation imposed by the appeal bond was a voluntary undertaking of the sureties. If Weinberg had no defense to the judgment rendered by the justice of the peace, the appeal was without merit, and no equity of the parties is invaded and no vested right taken away by the trial of the case on appeal and the rendition of the judgment in question. It is permissible, and not infrequent, for special judgments to be rendered by a state court for the express purpose of fixing liability against sureties. Loveland on Bankruptcy, vol. 1, p. 160; *Hill* v. *Harding,* 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083. This case is differentiated from the case of *Goyer* v. *Jones,* 79 Miss. 253, 30 So. 651, where the contingency upon which the liability of the sureties rested did not arise. In the *Goyer case* no valid judgment was or could be rendered against the principal, and therefore under the express condition and agreement of the appeal bond no liability was or could be fixed against the

sureties. In the instant case judgment was in fact rendered against the principal and a judgment based upon a debt admittedly due and owing.

The record discloses, further, that the *status* of the parties had not been changed after the rendition of the judgment by the circuit court and before the filing of the bill of complaint in this suit. If there was any error in the circuit court proceedings, any party aggrieved had the right of appeal. The sureties, however, are not relieved by the subsequent discharge. 27 A. & E. Encl. of Law (2d Ed.) 493; *Whereatt* v. *Ellis*, 103 Wis. 348, 79 N. W. 416, 74 Am. St. Rep. 865; Loveland on Bankruptcy, vol. 2, pp. 1389-1891. Inasmuch as the decree of the court below should have been in favor of appellant, the decree of the chancery court is reversed, and the bill dismissed.

*Reversed.*