AUTOMATIC SCREW MACHINE PRODUCTS COMPANY, Respondent, vs. CONTINENTAL CASUALTY COMPANY, Appellant.

*February 12—March 10, 1925.*

*Attachment: Bond: Consideration: Failure to make levy on personalty: Bond broader than statute requires: Enforcement: Subsequent bankruptcy of debtor: Effect on bond.*

1. Forbearance to make a levy under a writ of attachment on personal property is a sufficient consideration to support a bond given to prevent the attachment, though release of the attachment on the real estate might have been part of the consideration and may not have been made in the manner required by the statute. p. 427.
2. The conditions of a bond given to prevent an attachment are enforceable although broader than required by the statute. p. 427.
3. The subsequent bankruptcy of the debtor in the attachment will not invalidate a bond given to prevent the levy, which is conditioned on the payment of the judgment, as the bankruptcy does not discharge a judgment but only affects the lien of the judgment on the assets of the debtor. p. 428.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Action upon a surety bond. On July 25, 1923, the plaintiff began an action against the K & F Manufacturing

Company, a corporation engaged in business at Kenosha. A writ of attachment was issued and the sheriff was instructed by the plaintiff to attach both real estate and personal property. The sheriff made an attachment upon the real estate of the K & F Manufacturing Company, but did not make an attachment upon personal property. It is claimed by the plaintiff, and the claim is sustained by the testimony, that the reason why the sheriff did not attach the personal property was because of the bond sued upon given by the K & F Manufacturing Company and the appellant surety company herein. The bond was dated August 2, 1923. On December 27, 1923, the sheriff filed a certificate of discharge of the attachment of the real estate in the office of the register of deeds. On October 24, 1924, the K & F Manufacturing Company was adjudicated a bankrupt. The plaintiff, by leave of the federal court, proceeded in its action against the K & F Manufacturing Company, and on April 3, 1924, obtained a judgment for $2,600. On the 4th of April it made due demand upon the *Continental Casualty Company*, the appellant herein, for the payment of the judgment, which payment was refused, and upon such refusal this action was instituted. The condition of the bond was as follows:

"Now, then, if the said property shall be kept and taken care of as may be required and delivered to the sheriff on demand or so much thereof as may be required to satisfy any judgment which might be recovered against it in said action of attachment, or if it shall pay the appraised value thereof not exceeding the amount of the judgment and costs, or pay such judgment as may be rendered against said defendant in said action and costs, then this obligation shall be void, otherwise in full force and effect."

The trial court found that there was a valid consideration given for the bond, and held as a matter of law that the subsequent adjudication of the K & F Manufacturing Company as a bankrupt did not release the surety from the obli-

Automatic S. M. P. Co. v. Continental C. Co. 186 Wis. 425.

gation of the bond, and it entered judgment against the surety for the amount of the judgment against the K & F Manufacturing Company. From such judgment the *Continental Casualty Company* appealed.

For the appellant there was a brief by *James O. Dwight* of Chicago and *Geo. W. Taylor* of Kenosha, and oral argument by *Mr. Taylor*.

For the respondent there was a brief by *Buckmaster & Hammond* of Kenosha and *John R. Nicholson* of Chicago, and oral argument by *Mr. Nicholson*.

VINJE, C. J.   The appellant urges that there was no consideration for the bond because it was given to release an attachment on real estate, and such release, it claims, was never made as the statute requires.   We shall not inquire into the validity of this claim because it appears without dispute that the bond was also given for the purpose of preventing a levy on personal property.   The forbearance to make such levy was a sufficient consideration for the bond.

It is also claimed that the conditions of the bond exceed the statutory requirements and therefore should not be enforced.   Both parties may make valid contracts broader than the statute requires.   *Building Contractors' Mut. L. Ins. Co. v. Southern S. Co.* 185 Wis. 83, 200 N. W. 770; 18 A. L. R. 1227, note.

It will be observed that there are three conditions named in the bond and that the first two have, by subsequent proceedings, been rendered incapable of performance, leaving only the last one, providing for the payment of the judgment, operative.   And it is upon this condition that the plaintiff relies.

The defendant claims that the subsequent bankruptcy of the K & F Manufacturing Company invalidates the bond. It is clear that the enforcement of the bond operates favorably upon the creditors of the bankrupt because it lessens

the amount of claims to the extent that satisfaction is had from the surety. The condition to pay the judgment is absolute in terms. It does not depend upon the happening or non-happening of other events. Therefore subsequent bankruptcy of the principal debtor is not made a condition for invalidating the bond. Only the payment of the judgment can operate to cancel it. This court has consistently so held. *Whereatt v. Ellis,* 103 Wis. 348, 79 N. W. 416; *Pope v. Title G. & S. Co.* 152 Wis. 611, 140 N. W. 348. Other courts hold the same. *Guaranty S. Corp. v. Oppenheimer,* 243 Mass. 324, 137 N. E. 644; *Lockwood v. Exchange Bank,* 190 U. S. 294, 23 Sup. Ct. 751.

Where bankruptcy of defendant occurs after a judgment is obtained against him it is only the lien of the judgment against his assets that is affected. The judgment remains inviolate and can be enforced against any one liable with the bankrupt for the payment thereof. This is such a case.

*By the Court.*—Judgment affirmed.