## McCARY, ET. AL. v. MABE.

1. Where a bankrupt is sued before a justice of the peace, and omits there to plead his discharge, he may, notwithstanding, insist upon it as a defence, when the case is appealed by him to the Circuit Court.

Writ of error to the Circuit Court of Greene.

Suit commenced by Mabe against McCary, in Justices Court, where the plaintiff had judgment, and from which the defendant appealed to the Circuit Court, giving White as his surety on the appeal bond.

In the Circuit Court, Mabe filed a statement, alledging the indebtedness to him by McCary for nine dollars. McCary pleaded his discharge as a bankrupt previous to the commencement of the suit in the Justice's Court. Mabe replied, that this defence was not interposed before the justice of the peace. The defendant demurred; the Court sustained the demurrer, and gave judgment against the defendant for nine dollars and some cents on the hearing of the case.

The overruling of the demurrer is now assigned as error.

GRAHAM, of Greene, for the plaintiff in error.
WEBB, contra.

GOLDTHWAITE, J.—The statute provides, that all appeals from a justice of the peace shall be tried *de novo*, according to the justice and equity of the case, without regarding any defect in the summons, or other proceedings before the justice. [Clay's Dig. 314, § 10, 12.] The defence interposed in the Circuit Court is of that class, which the law considers as going to the merits of the case; and although neither party, when the amount is so small as this, is bound to any formal mode of allegation or pleading, yet when both adopt it without-exception, there is no reason why the Court should not proceed upon the pleadings, as in other cases.

The demurrer ought not to have been sustained, as the defence urged, was as valid, as it would have been if interposed in the first instance in the Justice's Court.

Let the judgment be reversed, and the cause remanded.