## GARNETT, Adm'r, v. ROPER.

1. The prerequisites required before an execution can be issued on a bond given in a claim suit, apply only to that summary mode of proceeding, and in declaring in a common law action on such a bond, it is only necessary to set out a breach of the condition.
2. The parties to such a bond are bound to notice the determination of the claim suit, and therefore no averment of notice to them to that effect is necessary.
3. A plea of *non est factum* to a bond with a condition, must, under the statute, be verified by oath, as in other cases.
4. The bankruptcy of the principal obligor in a penal bond, does not discharge the sureties.

Error to the Circuit Court of Pickens.

ACTION of debt by Roper against Garnett, as the administrator of one Russell, on a bond executed by him as the surety for one Grimes, given by the latter upon interposing a claim to certain horses, levied on as the property of one Parks, at the suit of Roper. The bond is conditioned that Grimes should have the horses forthcoming, if the same should be found liable to the attachment, and pay such costs and damages as should be recovered, for putting in the claim for delay.

The declaration sets out the attachment, its levy, the taking of the bond by the sheriff, on the claim interposed by Grimes—the recovery of a judgment against Parks for $2,084 —the judgment in the claim suit interposed by Grimes, that the horses levied on were the property of Parks, and subject to the attachment of the plaintiff, by which the value of the horses is separately assessed, and Grimes condemned in the costs, as well as that an order should be issued to the coroner to dispose of the horses if delivered up, as goods and chattels taken under a *fi. fa.* It then avers that the costs, when taxed amounted to $63, and that an order of sale was issued on

the 3d May, 1843, to expose said horses to sale, which on the next day afterwards was placed in the hands of the coroner to execute, according to law, and that the coroner not finding the said horses, nor the said Grimes, on the same day demanded the said horses of the defendant, as administrator of the said Russell, who not delivering the same, the coroner returned the order of sale, that the property therein named could not be found. The breach is then laid, that the said Grimes did not have the said horses forthcoming, although the same were found subject as aforesaid, or pay the costs so recovered against him, whereby the bond became forfeited, &c.

The defendant demurred to this breach, but the court overruling his demurrer, he then pleaded—1. *Non est factum.* 2. *Nil debet.* 3. That the property mentioned in the bond was not demanded of the principal obligor, after the trial of the claim suit, according to the statute in such case made and provided. 4. That the property was not demanded of the principal obligor, within a reasonable time after the determination of the claim suit, and that if it had been so demanded it would have been surrendered. 5. That it was not demanded of the administrator of Russell within a reasonable time, &c. 6. That Grimes, the principal obligor was on the .... day of ...... discharged under the bankrupt law of the United States.

The plaintiff demurred to these pleas, and they were overruled. The defendant declining to plead further, the plaintiff's damages were assessed by a jury.

The overruling the demurrer to the declaration, and the sustaining that to the pleas, is now assigned as error.

W. COCHRAN, for the plaintiff in error, insisted—

1. The declaration does not aver the existence of such facts as, under the statute amount to a breach of the bond. It is essential to show—1. A demand of the principal obligor. 2. A return by the sheriff of the bond as forfeited. Or, 3, some excuse for not making the demand. [Dig. 211, § 52, 213, § 62, 64; 318, § 33.]

2. The plea of *non est factum* is the proper plea to an ac-

tion on a bond, and puts the plaintiff on proof of his declaration.

3. The fact that no demand was made, if matter of defence, is properly pleaded.

4. By the discharge of the principal as a bankrupt, his surety was relieved from the performance of the condition.

E. W. PECK, contra, insisted, that the remedy of debt on the bond is not affected by the statutes which give cumulative remedies of execution when particular acts have been done by the obligee, or sheriff.

GOLDTHWAITE, J.—1. The statute directs that the same proceedings shall be had on claims interposed when an attachment is levied as may be had when the property is taken on a *fi. fa.* [Dig. 57, § 11 ; Yarborough v. Moss, 9 Ala. Rep. 382.] It is true, a statutory remedy is given in the proper pursuit of which the plaintiff is enabled to have execution immediately, on the bond, without a suit at law, and it is to the statutes which govern this peculiar remedy that the counsel for the plaintiff in error calls our attention, and under which it is quite probable all that he insists for may be required. [Dig. 213, § 52; 213, § 62, 64.] But these requirements have no place, when the plaintiff chooses, or is compelled to proceed on the bond by a common law action. In that event the condition of the bond is broken, by the failure to comply with its stipulations, and the party is entitled to such judgment as the forfeiture calls for. A slight consideration of the terms of the statutes which warrant the summary remedy, will show, that remedy cannot be enforced in all cases. Thus, by the first enactment referred to, it is made the duty of the sheriff, on the interposition of the claim, and the giving the bond, " to return the property to the person out of whose possession it was taken ;" and by the last, " that if the claimant shall fail to deliver the property claimed, or any part of it, *when required by the sheriff*, it shall be the duty of the sheriff to go to the clerk, and indorse such failure on the bond by him returned, with a copy of the execution, whereupon such bond shall have the force and effect of an execution," &c. Now it is evident, if we consider the

last enactment as covering all cases, (which it is unnecessary to determine,) then there can be no requisition by the sheriff, of the claimant, when the latter is a non-resident of the State and possibly when without the county. If, under the first enactment, the right is general to have execution on the return of the sheriff of the neglect or refusal of the claimant to deliver the property condemned, it would scarcely be contended the summary remedy would reach an administrator, as he would in that event have no opportunity to plead the statute of non-claim, the insolvency of the estate, or indeed any other matter of defence growing out of the administration. The recent decision of Hornbuckle v. Sims, at this term, settles that the summary remedy cannot be pursued on bonds of this description against an administrator, and in this view the party is remediless unless he can have the common law action on the bond. When driven to this action, we are clear that it rests with the defendant to show that the condition of the bond has been complied with.

2. It is supposed however, that the declaration should contain the allegation of a demand by the sheriff of the principal obligor, or of his personal representative, as an allegation that these had notice of the determination of the claim suit, as otherwise they could not be prepared to deliver the property. In our judgment this is a condition which requires the party at his peril, to know of the determination, and therefore no averment of notice or of demand, was essential.

3. It may be true that the plea of *non est factum* is the ordinary general issue to an action on a bond, but the difficulty does not occur in this case, which the plaintiff in error fears may be found to exist if this plea cannot be pleaded unless verified by oath. If, as supposed, there is no judgment in the claim suit we apprehend there would be no difficulty in putting this matter in issue by a plea of *nul tiel record;* if the judgment as averred be exact, and if no such averment is found in the declaration, it might be matter of consideration whether, for this defect, a demurrer would not lie. In the present case, the averment is distinctly made, and we can see no reason which will warrant the conclusion that bonds with condition, are intended to be excepted from the statute which requires pleas of *non est factum* to be verified.

4. The other pleas are clearly bad, for the reasons we have previously shown, in considering the declaration and that the principal obligor is a bankrupt, has no effect to discharge his sureties.

Judgment affirmed.