# Nelson, Adm'r, *v.* Stewart.

### Action on Promissory Note.

1. *Discharge in bankruptcy; what bars.*—A note given by a bankrupt, two days before the filing of his petition, reciting that it was given for "cash *bona fide* advanced to enable him to take the benefit of the bankrupt law, and without such advance it would be impossible for him to do so," is barred by his subsequent discharge.

APPEAL from Circuit Court of Dallas.
Tried before Hon. MILTON J. SAFFOLD.

This was a suit by the appellee to recover of appellant, as administrator of Daniel Stewart, the amount of a promissory note, of which the following is a copy:

"$150.00.          DALLAS COUNTY, ALA., May 12th, 1868.

On or before the first day of January next, I promise to pay James R. Stewart, or order, one hundred and fifty dollars for value received, in cash advances, for the purpose of enabling me to take the benefit of the bankrupt law; that such advance was obtained *bona fide* for the purpose of taking the benefit of the bankrupt law, and that without such advance it would not have been in my power to have done so.
                                        DANIEL STEWART."

This note was offered in evidence and read to the jury, and appellee there rested his case.

Appellee then introduced in evidence the discharge of his intestate, under the general bankrupt law, from all debts which existed against him on the 14th day of May, 1868. This was all the evidence, and at the request of the plaintiff the court charged the jury, that if they believed the evidence they must find for the plaintiff.

This charge was duly excepted to, and is now assigned as error.

JOHNSTON & NELSON, for appellant.

PETTUS & DAWSON, contra.

BRICKELL, C. J.—A discharge in bankruptcy operates as a bar to all remedies, legal or equitable, against the bankrupt personally, on debts provable as claims in the bank-

ruptcy proceedings. The discharge does not extinguish the debt; the bankrupt may, by a subsequent promise, revive and renew it, restoring it as a legal demand to the condition in which it was before the discharge was granted.—*Evans v. Carey*, 29 Ala. 109. There are authorities asserting that a promise made by the bankrupt, pending the bankruptcy proceedings, and before the discharge is granted, will revive the debt, taking it without the operation of the discharge.—*Otis v. Gazlin*, 31 Maine R. 567; *Brix v. Braleau*, 1 Bing. 281. Other authorities assert a contrary doctrine, and that a new promise, to be effectual against the discharge, must appear to have been made subsequently.—*Stebbins v. Sherman*, 1 Sandf. Sup. Ct. 510. In *Kingston v. Wharton*, 2 Serg. & Rawles, 208, it was held, a promise by a bankrupt, made on the eve of going into bankruptcy, to pay a pre-existing debt, *when able*, was not barred by the discharge, the plaintiff averring the defendant's ability to pay. The decision rests on the theory, the promise was contingent, and of consequence not a provable demand; and if the defendant had never been able to pay, no action could have arisen. The case is not an authority which will support the present action. This promise is absolute, free from all contingency, preventing it from proof as a claim in bankruptcy, or which could arise in the future, giving a cause of action. Assuming the just interpretation of the contract is, that the intestate promises, because of the character of the consideration, he will not interpose his anticipated discharge against it, such promise added nothing to the legal obligation of the contract. That obligation could not be strengthened by solemn promises, or pledges of honor. The discharge operated on the contract, and on any and all promises of which courts can take notice, growing out of it, not made subsequent to the bankruptcy.—*Reed v. Frederick*, 8 Gray, 230. The purpose of the parties doubtless was to bind the intestate in conscience not to interpose his discharge in bar of the debt, creating a moral obligation he could not disregard. Peformance of the promise must be left to the sense of honor and right on which reliance was placed. The discharge operated a bar to the action, and the court was in error in charging otherwise.

The judgment is reversed and the cause remanded.