# The State *v.* Parker.

72　181
1133　563

*Action on Official Bond of Tax-Collector.*

1. *Discharge of sureties by judgment discharging principal.*—Where a tax-collector executed an additional bond, as required on the address of the grand jury (Code, §§ 184–90), on which was one new surety besides the sureties on the first bond; and separate actions were brought on each bond, and the same breaches assigned for a default covered by each; *held*, that a judgment on verdict in an action on the first bond, in favor of the defendants, operated as a discharge of the principal and sureties on the second bond, and was pleadable in bar of the action on that bond.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. H. T. TOULMIN.

This action was brought in the name of the State of Alabama, against Seth J. Parker, A. M. Wing, and F. P. Baker; was commenced on the 17th August, 1879, and was founded on an official bond executed by said defendants,—Parker as tax-collector of said county, and the other defendants as his sureties,—which, as set out in the complaint, was in these words: "Know all men by these presents, that we, Seth J. Parker, A. M. Wing and F. W. Baker, in consideration of advisory instructions to the honorable Circuit Court, by the honorable grand jury of the Spring term of said court, 1876, recommending additional surety on the bonds of certain officers, do, in obedience to such recommendation as regards the present incumbent, S. J. Parker, tax-collector for Clarke county, do hold and firmly bind, and by these presents are held and firmly bound (as additional surety on the bond of said S. J. Parker), unto the State of Alabama, in the sum of ten thousand dollars; for the payment of which, well and truly to be made, we bind ourselves," &c., "jointly and severally. Sealed with our seals, and dated the 8th May, 1876. The condition of the above obligation is such, that whereas the above-named S. J. Parker has been elected tax-collector for Clarke county, now, if the said S. J. Parker shall faithfully perform all the duties which are or may be by law required of him as such tax-collector, during the time he continues in said office, or discharges any of the duties thereof, then the above obligation to be void," &c. The complaint alleged, that said Parker was elected tax-collector at the general election in November, 1874, and gave bond, as required by law, for the faithful performance of his duties; that he afterwards executed the bond sued on, under an address or requisi-

tion of the grand jury, as shown by its recitals, and said bond was accepted and approved by the probate judge. One of the breaches alleged was, his failure to account for and pay over the taxes assessed and collected "for the years 1876 and 1877." The defendants each filed several pleas in bar, setting up a verdict and judgment in favor of the defendants in a former action, founded on Parker's original bond as tax-collector. This bond is not set out in any of the pleas, but it is described as having beeen executed by "said Parker and others," and it appears that said A. M. Wing was not one of the obligors. There is in the record, also, a plea which purports to have been filed by one *Osceola Wilson*, in a cause in which "Seth J. Parker, *Osceola Wilson*, A. M. Wing, F. W. Baker *et al.*," are named as the defendants; but said Wilson's name nowhere else appears. The overruling of demurrers to these several pleas of *res adjudicata* is the only matter assigned as error.

H. C. TOMPKINS, Atttorney-General, and J. S. DICKINSON, for appellant, cited *State Bank v. Robinson*, 8 Eng. (13 Ark.) 214; 2 Phil. Ev. § 1, pp. 2--26; 2 Smith's L. C. 580, 653, 675; 2 Parsons on Contracts, 235, 239; 18 Ala. 241; 3 Stew. & P. 369; 29 Ala. 147; 16 Ala. 271; 31 Ala. 234; 25 Ala. 300; 26 Ala. 504.

H. PILLANS, *contra*, cited *Baldwin v. Gordon*, 12 Mart. La. 378; *Farmer's Bank v. Kingsley*, 2 Doug. Mich. 379--403; *Ames v. Maclay*, 14 Iowa, 281; *Gill v. Morris*, 11 Heiskell, 614; *Beale v. Cochran*, 18 Geo. 38; *Couch v. Waring*, 9 Conn. 261; *Milller v. Gaskins*, 1 Sm. & Mar. Ch. 524; 13 La. Ann. 249.

SOMERVILLE, J.—The appellee, Parker, executed his official bond as tax-collector of Clarke county, in September, 1874, conditioned for the faithful discharge of his duties in such capacity. This bond covered the entire duration of his official term, including the years 1874, '75, '76, and '77. He also executed, in May, 1876, an *additional* bond, on requisition of the grand jury, in accordance with the provisions of the statute. This covered parts of the two years 1876 and 1877. There is one surety on the second bond, who was not an obligor on the first bond. Suits were instituted on each bond separately; the assignments of breaches being identical in each suit, so far, at least, as the obligations of the two instruments were commensurate in point of time. Among other breaches averred, in the first action, was the failure of Parker to account for the taxes collected by him for the State during the years 1876 and 1877 severally. The same breaches were averred in the action on

the second bond. The jury, upon the trial of the first cause, rendered a verdict in favor of the defendants. It is insisted that *the judgment on this verdict operates, in the second suit, as a discharge, not only of the principal, Parker, but also of his sureties on the second bond.* The correctness of this proposition is the question presented for decision.

A contract of suretyship is usually defined to be a contract whereby one person engages to be answerable for the debt, default, or miscarriage of another.—Brandt on Suretyship, § 1. In *Evans v. Keeland,* 7 Ala. 36, 56, it was said to be "an obligation *accessorial* to that of the principal debtor." It was further observed : "The debt is due from the principal, and the surety is merely a guarantor for its payment. A corollary from this definition is, that it is of the essence of such a contract that there be a valid obligation of the debtor."—*Ib.,* 7 Ala. 46.

The general rule, touching the question under consideration, is stated by Mr. Brandt to be, that "if the principal is discharged, because of matters inherent in the transaction, even after judgment against the surety, the latter will be exonerated thereby;" and he cites several adjudged cases in support of this view. By matters inherent in the transaction, we understand defenses that go to the whole consideration, assailing the original validity of the contract, or showing its subsequent discharge by performance, release, or otherwise.—Wells' *Res Adjudicata,* p. 83, § 88; p. 90, § 105. There are certain well-established exceptions to this rule. Among these are cases where the principal is discharged by operation of law; as in case of bankruptcy, insolvency, the statute of *non-claim,* and the like.—*Garnett v. Roper,* 10 Ala. 842; *McBroom v. Governor,* 6 Port. 32; Brandt on Sur. § 126. This exception is based upon the reason, that the discharge, being by operation of law, is without the consent or procurement of the creditor, and, therefore, the surety ought not to be discharged.—*Phillips v. Wade,* 66 Ala. 53; *Philips v. Solomon,* 42 Ga. 192. Another exception is, where the invalidity of the contract rests on some ground personal to the principal; as coverture, infancy, or other like disability.—*Bean v. Chapman,* 62 Ala. 58; Brandt on Sur. § 128; *St. Alban's Bank v. Dillon,* 30 Vt. 122; *Gale v. Wheelock,* 109 Mass. 502.

There are many reported cases illustrative of the principle under discussion. In *Gill v. Morris,* 11 Heisk. 614 (27 Amer. Rep. 744), a suit was instituted against a surety, for a sum of money loaned to his principal by the plaintiff, in Confederate money, or treasury-notes of the late government of the Confederate States. The surety was allowed to plead successfully, in bar of the action, a judgment discharging the principal on account of the adjudged illegality of the contract. True, the

[The State v. Parker.]

parties in the two actions not being the same, the judgment in the former case, discharging the principal, was, as to the surety, *res inter alios acta;* but the court regarded the case under consideration as an established exception to the general rule, that the estoppel of judgment is limited to parties and privies. The decision was placed on the broad principle of the common law, that whatever operates as a partial, or total exoneration of the principal, will necessarily have the same effect in favor of the surety.

In *Ames v. Maclay* (14 Iowa, 281), an action was brought against a sheriff and the sureties on his official bond. The sureties pleaded severally, and judgments were recovered against them alone. Afterwards, there was a trial of the cause against the principal in the bond, and a judgment was rendered in favor of the principal. It was held, that equity would perpetually enjoin the enforcement of the judgments against the sureties; which was, perhaps, carrying the rule too far, in view of the *laches* of the sureties in failing to make their defense in due time at law. The decision was based on the ground, that the judgment in favor of the principal extinguished the debt, and " the principal thing being thus destroyed, the incident (the obligation of the surety) is destroyed with it." A similar ruling was made in *Beall v. Cochran*, 18 Ga. 38, and in *King v. Baldwin*, 2 John. Ch. 557.

In *Brown v. Bradford*, 30 Ga. 928, the sureties of a sheriff were allowed to avail themselves of a judgment previously rendered in favor of their principal, in another suit, to which they were not parties. The action was for the alleged default of the sheriff; and the court say, that "he [the sheriff] was not in default in refusing to account for this money, after there was a judgment of the proper court that he had already accounted for it once, and was not bound to account for it any more."

In *Dickson v. Bell*, 13 La. An. 249, a like ruling was made, in favor of the sureties of an administrator, holding that they would be protected by a judgment rendered in a different action, in favor of their principal. See, also, *Jackson v Griswold*, 4 Hill, 522; *Miller v. Gaskins*, 1 Sm. & Mar. (Ch.) 524; *Res Adjudicata* (Wells'), p. 83, § 88; p. 90, § 105; *Couch v. Waring*, 9 Conn. 261; *Baker v. Kennett*, 54 Mo. 82; *Patterson v. Cave*, 61 Mo. 439; *Kane v. Young*, 34 Pa. St. 60.

We are of opinion, that the judgment discharging the appellant, Parker, in the first action, operated to discharge, not only himself, but also his sureties in the action on the second, or additional bond. The liability of the principal being adjudged not to exist, the liability of the sureties falls with its extinguishment.

The proper application of these principles compels an affirm-

[The State, ex rel. Tompkins v. Stone.]

-ance of the judgment of the Circuit Court, which is accordingly hereby ordered.

Affirmed.