# Young & Co. v. Howe, *et al.*

## *Assumpsit.*

(Decided April 7, 1907.　43 So. Rep. 488.)

1. *Bankruptcy; Discharge of Bankrupt; Effect.*—A discharge in bankruptcy of the debt on which suit is brought is a bar to obtaining a judgment thereon.

2. *Same; Effect of Discharge as to Sureties.*—The sureties on an appeal bond from a judgment previously rendered are not liable to a judgment under section 493, Code 1896, where judgment cannot be rendered against the defendant on account of his discharge in bankruptcy.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Otto Young & Co. against F. A. Howe, Jr., and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

This was an action against F. A. Howe, Jr., begun in the justice court, and taken by Howe on appeal to the circuit court, for which appeal he executed the usual appeal bond, with two sureties, conditioned as usual in such instances. After the case reached the circuit court, the defendant pleaded that he was adjudged a bankrupt on June 7, 1904, and that the claim here sued on existed at that time, and that on the 23rd day of January, 1905, he was discharged from all such debts and claims made provable by said act against his estate. The plaintffs replied to this that before defendant filed his petition in bankruptcy, and before he was granted a discharge, plaintiffs had commenced a suit in the justice court and had recovered judgment against the defendant, and that defendant had taken an appeal and executed an appeal bond, and that the liabilities of the sureties thereon were not affected by said discharge. Wherefore plaintiffs say they are entitled to judgment against the defendant, with a perpetual stay of execu-

tion, and to a judgment against the sureties on the appeal bond, with right of execution. Demurrers were sustained to this replication, and there was judgment for defendant.

COOPER & FOSTER, for appellant.—The defendant must prosecute said appeal to effect and failing therein the liability of the surety is fixed. A defendant does not prosecute his appeal to effect by filing a petition in bankruptcy and being discharged under the statute.— Section 16, Bankruptcy Act; Collier on Bankruptcy, page 199; *Hill v. Harding,* 130 U. S. 699.

TANCRED BETTS, for appellee.—Howe, being properly discharged or relieved from judgment by his adjudication in bankruptcy, his bondsmen are not liable under the terms of the bond.—*McCary v. McCabe,* 7 Ala. 356; *Roden v. Jacobs,* 17 Ala. 347; *Oates v. Perry,* 47 Ala. 157; *Wilson v. Stewart,* 54 Ala. 115; Liability on statutory bonds is strictly construed.—*Waite v. Ward,* 93 Ala. 271; *Reynolds v. Cox,* 108 Ala. 276; *Sherry v. Priest,* 57 Ala. 410.

ANDERSON, J.—The plea of discharge in bankruptcy, the truth of which was admitted by the demurrer and replication, was a complete defense in bar to a judgment against the defendant—Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428); *McCary v. Mabe,* 7 Ala. 356; *Roden v. Jacobs,* 17 Ala. 347; *Oates v. Parish,* 47 Ala. 157; *Nelson v. Stewart,* 54 Ala. 115, 25 Am. Rep. 660. The plaintiff, not being able in this action to get a judgment against the defendant in the circuit court on account of his discharge in bankruptcy, was not entitled under the statute (section 493 of the Code of 1896) to a judgment against the sureties upon the appeal bond, as said section authorizes judgment against them in case the judgment appealed from is affirmed.

We do not think the rule countenanced in the case of *Hill v. Harding,* 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083, has any application to the case at bar. In that

case the plaintiff had an attachment lien, which was not dissolved by the bankruptcy of the defendant, and the court said: "Such attachments being recognized as valid by the bankrupt act (Rev. St. § 5044), a discharge in bankruptcy does not prevent the attaching creditors from taking judgment against the debtor in such limited form as may enable them to reap the benefit of their attachment. When the attachment remains in force. the creditors, notwithstanding the discharge, may have judgment against the bankrupt, to be levied only upon the property attached." Under the statute of the state of Illinois the attachment was dissolved by the substitution of a bond, and the court held that the right to get a judgment for the purpose of enforcing the lien depended, not upon any provision of the bankrupt act, but upon the extent of the authority of the state court under the local law. Here there is no lien to enforce. but simply a suit upon a debt that was released by the declaration of insolvency.

The judgment of the circuit court is affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.