# James, *et al. v.* Kitzenger & Co.

## *Assumpsit.*

(Decided April 13, 1915.   68 South. 582.)

1. *Bonds; Appeal; Right of Action.*—The remedy provided by section 4725, Code 1907, for obtaining judgments against surety on appeal bonds is not exclusive, and an independent action against the sureties on the bond will lie.

2. *Same; Demand for Payment.*—A demand for payment is not a condition precedent to maintaining an action against the sureties on an appeal bond.

3. *Bankruptcy; Discharge; Sureties; Effect.*—Where judgment has been obtained against the principal upon an appeal bond on a trial upon the appeal, the discharge of the principal in bankruptcy relieves him, but does not relieve the sureties on his bond.

4. *Same.*—Where a cause is tried on appeal and the principal in the appeal bond prevents judgment from being obtained against him by pleading a discharge in bankruptcy, then the sureties are not liable ' on the bond.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Harry Kitzenger & Company against C. W. James and another as sureties on an appeal bond. Judgment for plaintiff, and defendants appeal. Affirmed.

Count 2 is as follows: Plaintiff claims of defendants C. W. James and W. K. McAdory $187 for that on, to wit, July 17, 1911, said plaintiff did recover a judgment in the Birmingham court of common pleas against the American Cloak & Suit Company, a body corporate, for the sum of $80.55, besides the cost of the suit, and said American Cloak & Suit Company did appeal the said cause to the city court of Birmingham, Ala., and for the purpose of so appealing the said cause did execute and deliver its certain bond and undertaking in writing,

[James, et al. v. Kitzenger & Co.]

and that the said bond is in substance and figures as follows: (Here follows the usual form of appeal bond taking said cause from the court of common pleas to the city court, conditioned as required by law, and signed by the American Cloak & Suit Company, by C. W. James, Treasurer and Manager, and C. W. James and W. K. McAdory.) Plaintiff avers that said bond or undertaking was duly taken and approved by the clerk of the said Birmingham court of common pleas; and plaintiff avers that said cause was heard and determined by said city court of Birmingham on June 20, 1912, and that on said day the judgment was rendered against the said American Cloak & Suit Company, which was not sued in this action, for the sum of $90.65, and for the costs of the suit, and that the said judgment still remains unpaid and unsatisfied, and that the condition of the said bond had been broken in this: (1) The said American Cloak & Suit Company did not prosecute said appeal to effect and pay and satisfy said judgment, both as to debt and costs as was rendered in said case; and (2) said company did not prosecute said appeal to effect; and (3) that said company did not pay and satisfy the said judgment, both as to debt and cost as was rendered in said cause by said city court, and that the said sums of money and interest thereon are now due and unpaid.

Complaint then sets up the usual waiver of exemption clause. The demurrers are that said complaint fails to aver any request to pay the amount claimed therein; plaintiff never intended to hold defendants liable on the said bond at the time he obtained a judgment in the court against defendant on whose bond defendants in this cause were sureties; for aught that appears, plaintiff was satisfied with a judgment against the American

Cloak & Suit Company, and when it so obtained a judgment it released the said sureties who are defendants in this cause; for aught that appears defendants were released from said bond when said plaintiffs at the time it obtained a judgment against the American Cloak & Suit Company failed to have a judgment at the same time rendered against defendants, and this appears from the face of the complaint; plaintiff should be estopped from prosecuting this cause of action, for that the statute provides that, on an appeal or certiorari, if judgment is obtained it must be rendered against the sureties as well as the principal, which judgment must include the cost of the inferior and appellate courts. There was also demurrer because of indefiniteness and uncertainty and the failure to state a cause of action. The pleas raise practically the same questions as raised by the first demurrers.

FRANK S. ANDRESS, for appellant.

STERLING A. WOOD, for appellee.

THOMAS, J.—The reporter will set out count 2 of the complaint, which fully states plaintiff's case.

(1) The court overruled defendants' demurrers to this count, and we think properly so. They proceed chiefly on the theory that the remedy provided by section 4725 of the Code for obtaining judgments against sureties on an appeal bond is an exclusive remedy, and that therefore an independent action on the bond, as this is, cannot be resorted to. In the recent case of *Jaffe v. Fidelity & Dep. Co.,* 7 Ala. App. 206, 60 South. 966, we decided adversely to appellants practically the same questions raised by the demurrers here, and we find no good reason why we should now depart from that rul-

ing.—Code, § 4725; *Jaffe v. Fidelity & Dep. Co., supra.*

(2) It is insisted that, if an action on the bond can be maintained at all, it can only be done after a demand for its payment; but we are cited to no authority, and know of none, so holding. We find the general rule, which is applicable to the contract here sued on, to be to the contrary.—9 Am. & Eng. Ency. Law (2d Ed.) 199; *Garnett v. Roper,* 10 Ala. 842.

After the overruling of their demurrers to the complaint, the defendants pleaded thereto the general issue and three special pleas, to each of which special pleas a demurrer was sustained—properly so, we think. Two of these special pleas sought to raise practically the same questions as were raised by the demurrer to the complaint; one setting up that the plaintiff by obtaining judgment against the principal obligor in the bond and by failing to obtain a judgment against the sureties, on the trial of the appeal which the bond was given to secure, released the sureties; and the other setting up that the plaintiff by so doing estopped himself from prosecuting this action on the bond against the sureties. The case of *Jaffe v. Fidelity & Dep. Co., supra,* disposes of, as before said, these questions contrary to the contention of appellants.

(3) The other special plea set up that the principal in the bond—the American Cloak & Suit Company—against whom plaintiff obtained the judgment on June 20, 1912, on the trial of the appeal, which the bond was given to secure, was subsequently adjudicated a bankrupt on, to wit, August 12, 1912, and was later on, to wit, June 2, 1914, discharged from liability on all debts, judgments, etc., provable against it under the Bankruptcy Act. The adjudication and discharge in bankruptcy of the principal was, as will be observed, after judgment

had been obtained against it on the trial of the appealed case, and this suit is, as seen, a common-law action on the appeal bond against its sureties for a failure to comply with the terms of the bond, which bound them to pay the judgment obtained against the principal. Clearly, therefore, the case of *Young v. Howe,* 150 Ala. 157, 43 South. 488, where no judgment on appeal had been obtained, and where on the trial of such appeal the plea of a discharge in bankruptcy was filed by the principal, the defendant on appeal, to prevent such a judgment, has no application. The terms of an appeal bond bind the sureties "to pay such judgment, both as to debt and costs, as may be rendered against the principal on the trial of the case on appeal," and when, as here, a judgment has ·been obtained against the principal on such appeal, his subsequent discharge by operation of law from the payment of such judgment, as by bankruptcy, while it relieves him (*Ellis v. Mobile, etc.,* 166 Ala. 187, 51 South. 860), does not operate to discharge the sureties from their obligation to pay that judgment. —(*Garnett v. Roper,* 10 Ala. 842; *Leader v. Mattingly,* 140 Ala. 444, 37 South. 270; *State v. Parker,* 72 Ala. 183; *Smith v. Gillam,* 80 Ala. 300; *Mount v. Stewart,* 86 Ala. 365, 5 South. 582; 16 Am. & Eng. Ency. Law [2d Ed.] 792, and cases cited in note 5).

(4) On the other hand, where the principal, on the trial of the case on appeal, prevents a judgment from being obtained against him by pleading his discharge in bankruptcy, then the sureties are not liable on the bond, because the condition to their liability as fixed in the bond, to wit, a judgment against the principal, has not been met.—*Young v. Howe, supra.*

As to the last contention of appellants, to the effect that the court erred in declining, as recited in the judg-

[H. H. Hitt Lumber Co. v. McCormack.]

ment entry, to permit them, during the progress of the trial, to amend one of their special pleas, it need only be said that it nowhere appears that any exception was taken to the action of the court in this particular; the appeal here being on the record proper without a bill of exceptions.

Affirmed.