(98 South. 559)

**BROWN, WEBB & CO. et al. v. EDWARD ROSE & CO.** (8 Div. 592.)

(Supreme Court of Alabama. Nov. 1, 1923. Rehearing Denied Dec. 20, 1923.)

1. **Bankruptcy** ⚖️431—**Provision of act denying discharge to bankrupt's partners, sureties, etc., does not apply to sureties on appeal bonds.**

The provision in the Bankruptcy Act, § 16 (U. S. Comp. St. § 9600), that no discharge shall release any person liable for the same debt for or with the bankrupt either as partner, joint contractor, indorser, surety, or otherwise, refers to sureties, etc., on the original debt, and not to a surety on the appeal bond of the bankrupt given in an action commenced against him prior to the bankruptcy proceedings.

2. **Bankruptcy** ⚖️391(3)—**On affirmance on appeal, held error to order execution against appellants if denied discharge in bankruptcy and against sureties on appeal bond anyway.**

Where, on appeal by defendants from a justice of the peace to the circuit court, a judgment against them was affirmed, a judgment ordering execution to issue against defendants' sureties on their appeal bond, but against defendants only in case they were denied discharge in pending bankruptcy proceedings, was erroneous, in view of Code 1907, § 4714, concerning appeal bonds in appeals from justices of the peace and of the practice with respect to postponing trial of actions in state court to await result of pending bankruptcy proceedings.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Action by Edward Rose & Co. against Brown, Webb & Co. and others. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Reversed and remanded.

W. L. Chenault, of Russellville, for appellants.

There is no provision of law for a conditional judgment against the principal and an unconditional judgment against the sureties on his appeal bond. Code 1907, § 4725; Young v. Howe, 150 Ala. 157, 43 South. 488.

Engel & Mudd, of Birmingham, and Key & Key, of Russellville, for appellee.

The circuit court had authority to stay execution against the bankrupt and allow execution against the sureties. Chickasaw Hotel Co. v. Barker Const. Co., 135 Tenn. 305, 186 S. W. 120, L. R. A. 1916F, 106; Remington on Bankruptcy, 2572; McLeod v. Mills, 29 Ga. App. 87, 113 S. E. 699; Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083; Rogers v. Abbott, 206 Mass. 270, 92 N. E. 472, 138 Am. St. Rep. 394; 7 C. J. 350; Goyer v. Jones, 79 Miss. 253, 30 South. 651; James v. Kitzenger Co., 13 Ala. App. 448, 68 South. 582; Kohn, Weil & Co. v. Weinberg, 110 Miss. 275, 70 South. 353; In re Buchanan, 219 Fed. 492, 135 C. C. A. 204; Young v. Howe, 150 Ala. 157, 43 South. 488; Collier on Bankruptcy (12th Ed.) 415; Chewning v. Knight, 16 Ala. App. 357, 77 South. 969.

SAYRE, J. Edward Rose & Co., a corporation, recovered judgment against Brown, Webb & Co., a partnership, and its constituent members, before a justice of the peace at Phil Campbell. Defendants appealed to the circuit court, giving bond with sureties as provided by section 4714 of the Code of 1907. Pending the trial on appeal, defendants Brown, Webb & Co. were adjudicated bankrupts, but had not been discharged. In the circuit court judgment was rendered against defendants and their sureties, execution being ordered against the sureties, but stayed as to the defendants until the bankruptcy court should pass on their application for final discharge. The sureties on the appeal bond assign the judgment for error.

Plaintiffs had leave of the federal bankruptcy court to prosecute their suit against defendants and the sureties on their appeal bond in the circuit court notwithstanding the pendency of the bankruptcy proceeding, provided any judgment obtained should contain a stay of execution against the bankrupts pending their discharge, such stay to become permanent upon their discharge, and it was ordered that no discharge should be rendered in favor of the bankrupts until the termination of plaintiffs' action in the circuit court; but the question still remained whether plaintiffs might proceed to a judgment qualified in this manner. 3 Remington on Bankruptcy, § 2712. This depended, not upon any provision of the Bankruptcy Act (U. S. Comp. St. §§ 9585–9656), but upon the authority of the circuit court under the law of this state. Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083.

[1, 2] The Bankruptcy Act (section 16), wherein it provides that "the liability of a person who is a codebtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt," refers to codebtors, guarantors, or sureties for the bankrupt on the original debt from which release is given by the discharge, and not to the liability of a surety for the bankrupt on a bond as in this case. Klipstein & Co. v. Allen-Miles Co., 136 Fed. 385, 69 C. C. A. 229; Id., 201 U. S. 647, 26 Sup. Ct. 761, 50 L. Ed. 904. The liability of the sureties here was limited by the condition of the bond which was (to quote the statute, section 4714 of the Code) "to pay such judgment as may be rendered against him [them] by the court to which the cause is [was] sought to be removed." But the judgment of the circuit court proceeded differently and to greater effect against these appellant sureties than it did against the defendant bankrupts; it ordered execution to

be presently issued against the sureties, whereas, in effect, execution was to issue against the bankrupts, if at all, in the event only a discharge was denied. This was error. Klipstein v. Allen-Miles Co., supra; Crook-Horner Co. v. Gilpin, 112 Md. 1, 75 Atl. 1049, 28 L. R. A. (N. S.) 233, 136 Am. St. Rep. 376; 23 Am. Bankr. Rep. 350. The practice in the courts of this state, as we understand, agreeable with principles of substantive law, and the comity due to be observed between the courts has been in such cases to postpone the prosecution of the action to await the result of the bankruptcy proceeding. 2 Remington on Bankruptcy, §§ 2697, 2699. If the bankrupt is discharged, no judgment can be rendered against him or the sureties on his appeal bond.

In Hill v. Harding, supra, and other cases in which it has been held, for example, that the discharge of the bankrupt does not prevent judgment from being rendered against his sureties on a bond to dissolve an attachment, such bond standing in lieu of the lien of the attachment, the courts proceeded on the theory that the lien, acquired more than four months before the commencement of proceedings in bankruptcy, should be preserved and enforced, as was pointed out in Young v. Howe, 150 Ala. 157, 43 South. 488. See, also, James v. Kitzenger, 13 Ala. App. 448, 68 South. 582. It was upon this ground that Kendrick v. Warren Bros., 110 Md. 47, 72 Atl. 461, was distinguished from Crook-Horner Co. v. Gilpin, supra.

Kohn, Weil & Co. v. Weinberg, 110 Miss. 275, 70 South. 353, supposed to have influenced the judgment of the circuit court, may be discriminated from the case in hand on more than one ground. It does not at all meet the point on which we have proceeded.

It results that the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.