(109 So. 873)

## POCAHONTAS GRAPHITE CO. v. MINERALS SEPARATION NORTH AMERICAN CORPORATION.  (7 Div. 561.)

(Supreme Court of Alabama.   Oct. 14, 1926. Rehearing Denied Nov. 11, 1926.)

**1. Bankruptcy ⬉391(3)—Trial court will not be put in error for refusing continuance where defendant failed to make proof of exact situation of bankruptcy proceedings against it.**

Where suit in detinue was commenced July 26, 1919, and petition in bankruptcy was filed against defendants September 25, 1923, trial court will not be placed in error for refusal to continue case on presentation of certificate of pending petition in bankruptcy, where defendant failed to make proof of exact situation of bankruptcy proceedings.

**2. Appeal and error ⬉1040(7)—Any error in sustaining demurrers to pleas that plaintiff was foreign corporation not qualified to do business in state, was harmless, where issues thereof were allowed under general issue (Supreme Court rule 45).**

Error, if any, in sustaining demurrers to pleas alleging plaintiff was foreign corporation and not qualified to do business in state *held* without injury, in view of Supreme Court rule 45, where issue thereof was allowed to be presented under general issue plea.

**3. Evidence ⬉182.**

Admitting copy of lease contract for mineral flotation machines over objection that original was best evidence, *held* not error, in view of defendant's admissions as to execution thereof in answers to interrogatories and by plea.

**4. Evidence ⬉215(1).**

Contract between defendant and foreign corporation admitting title to machinery to be in corporation, *held* competent to prove such admission, even if contract was void because corporation was not qualified to do business within state.

**5. Sales ⬉479(7).**

Evidence in detinue *held* to show that plaintiff was vendor of graphite machinery, and that payment in full therefor was condition precedent to passing of title, and that condition was not waived.

**6. Sales ⬉479(9)—Directing jury to assess damages for detention up to time of trial, held not error (Code 1923, §§ 7389, 7392, 7404).**

In detinue for graphite machinery, where defendant pleaded general issue and where there was no evidence as to defendant being declared bankrupt and trustee taking possession of property, directing jury to assess damages for detention up to time of trial *held*, in view of Code 1923, §§ 7389, 7392, 7404, not error.

**7. Detinue ⬉25.**

Under Code 1923, § 7392, judgment in detinue should be for property or its alternate value, or for damages for its detention.

**8. Detinue ⬉25.**

Under Code 1923, § 7394, judgment in detinue was irregular which contained conditional judgment against defendant and its surety on replevy bond.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action by the Minerals Separation North American Corporation against the Pocahontas Graphite Company. From a judgment for plaintiff defendant appeals. Corrected and affirmed.

The lease sale contract entered into by the parties is as follows:

"Lease Sale Contract.

"State of Alabama, Jefferson County:

"This agreement witnesseth: that Minerals Separation North American Corporation, of New York, N. Y., lessor, hereby leases to Pocahontas Graphite Company, of Birmingham, Ala., lessee, the following described machinery, to wit:

"One 18-inch 10-cell right-hand standard gear driven Minerals Separation flotation machine, valued at $5,087.50 and one 12-inch 10-cell right-hand standard gear driven Minerals Separation flotation machine, valued at $2,750, which said machines are now located on the property of lessee at Ashland, Ala.

"The lessee, for the use and hire of said machines, for a period of six months from December 20, 1918, agrees to pay the lessor the sum of $7,837.50 in the following manner, to wit: $4,000 on or before December 20, 1918; $3,837.50, on or before June 20, 1919; the payments to be evidenced by promissory notes of lessee bearing interest at 6 per cent. per annum from their date to time of payment; and the lessee agrees that it will not begin the installation or use of said machines before the payment of the rental note due on December 20, 1918.

"The lessee agrees that said machines shall not be sublet without the written consent of the lessor; also, that if any portion of said rental shall not be paid as herein specified, or if any of the provisions of this lease be violated, the rental for the full term shall become due and payable forthwith, and the lessor may at its option take possession of and remove said machines without legal process.

"The lessee hereby agrees to insure said machines against loss by fire for such reasonable

amount as it can obtain in a reputable insurance company, with a loss payable clause to the lessor as its interest may appear; to properly maintain said machines at all times; and at the expiration of this lease to return them to the lessor complete, and in good condition apart from a reasonable wear and tear: Provided, however, that if the lessee shall keep all the terms of this agreement, the lessee shall have the right of purchasing said machines upon the expiration of this lease upon the payment to the lessor of the sum of one ($1) dollar, and upon the payment of all sums which said lessee may owe said lessor under the terms of this lease.

"As a part of the consideration of this lease, and for the purpose of securing to the lessor the prompt payment of said rents as herein stipulated, in the event of the employment of an attorney by the lessor on account of the violation of the conditions of this lease by the lessee, the lessee hereby agrees that it shall be taxed with said attorney's fee.

"In witness whereof, the parties hereunto have set their hands and seals, in duplicate, at Birmingham, Ala., this the 13th day of December, 1918. Minerals Separation North American Corporation, by Harry G. Lewis, Its Attorney in Fact [Seal.], Lessor. Pocahontas Graphite Company, by W. A. Watts, Its President [Seal.], Lessee. Signed, sealed and delivered in the presence of: R. B. Watts. D. E. Manasco."

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

A conveyance of personal property as security for a debt, or a conditional sale contract which has not been recorded within the statutory time, is void as against a trustee in bankruptcy. A petition in bankruptcy operates as a caveat, and all property in possession of the bankrupt becomes in the custody of the bankrupt court. 4 Remington, Bankr. (3d Ed.) §§ 1376, 1518, 1566; Collier, Bankr. (12th Ed.) 733; 7 C. J. 123; In re Dancy Hardware & Furniture Co. (D. C.) 198 F. 336; Acme Harvester Co. v. Beekman Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208; Everett v. Judson, 228 U. S. 474, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154. When the defendant suggests his bankruptcy and presents certified copy of petition, the court should stay the trial. Brown, Webb & Co. v. Southern Woodware Co., 210 Ala. 505, 98 So. 560; Young & Co. v. Howe, 150 Ala. 157, 43 So. 488; Vandiver v. Am. Can Co., 190 Ala. 352, 67 So. 299. The burden was on plaintiff to prove he had a general or special property in the machinery and right to immediate possession. Butler-Kyser Mfg. Co. v. Central of Ga. R. Co., 190 Ala. 646, 67 So. 393; Montgomery v. Patterson, 162 Ala. 125, 49 So. 1027; Equitable title will not support detinue. 11 C. J. 453. In detinue, a judgment against the defendant and its sureties on the forthcoming bond is erroneous and invalid. Rand v. Gibson, 109 Ala. 266, 19 So. 533; Jordan v. Appleton, 209 Ala. 290, 96 So. 195; Clem v. Wise, 133 Ala. 403, 31 So. 986. A judgment in detinue, which does not include the alternate value of the property sued for, is invalid. Kirkland v. Pilcher, 174 Ala. 170, 57 So. 46. The contract of a foreign corporation, not qualified to do business in this state, is void. Cable Piano Co. v. Estes, 206 Ala. 95, 89 So. 372. It was error to give the affirmative charge for plaintiff. Harrison v. Cryer, 207 Ala. 507, 93 So. 418. Admission of execution of the contract does not justify introduction of a copy without accounting for original. Fletcher v. Weisman, 1 Ala. 602. Defendant may show outstanding title in third person under general issue. Wright v. Bush, 165 Ala. 320, 51 So. 635; 3 Mayfield's Dig. 53.

James W. Strother, of Dadeville, for appellee.

A sale, wherein no credit is expressly or impliedly given, is not consummated until the consideration is paid. 1 Benj. Sales, § 335; Whitney v. Eaton, 15 Gray (Mass.) 225; Ward v. Shaw, 7 Wend. (N. Y.) 404; Shines v. Steiner, 76 Ala. 458; Harmon v. Goetter, 87 Ala. 325, 6 So. 93; Drake v. Scott, 136 Ala. 261, 33 So. 873, 96 Am. St. Rep. 25. Constitutional and statutory provisions as to foreign corporations are not applicable to interstate transaction. Leverett v. Garland Co., 206 Ala. 556, 90 So. 343. Plaintiff's property rights are enforced by possessory action. Capitol Lbr. Co. v. Mullinix, 208 Ala. 266, 94 So. 88. Defendant was bailee of plaintiff. Learned-Letcher Lumber Co. v. Fowler, 109 Ala. 169, 19 So. 396; 5 Cyc. 172.

MILLER, J. This is an action of detinue by the Minerals Separation North American Corporation, a corporation, against Pocahontas Graphite Company, a corporation, for one 18-inch 10-cell Mineral Separation flotation machine, and for one 12-inch 10-cell Mineral Separation flotation machine, with the value of hire or use thereof during the detention.

There was judgment for the plaintiff based on a verdict of the jury, and from it this appeal is prosecuted by the defendant.

[1] The defendant insists the court erred in not continuing the case, because the defendant presented "a certificate of the pending of a petition in bankruptcy of defendant" to the court on October 9, 1924. The bill of exceptions recites: "Thereupon the defendant suggested the bankruptcy of the defendant," and the court stated: "I rather think the suit could be maintained." We find no exception to this ruling of the court. The parties agree in writing that there was presented to the trial court a certified copy of the involuntary petition in bankruptcy against the defendant, with a copy of notice thereof to the defendant, and copy of return of the United States marshal, as having served it on the president of defendant, on October 17, 1923.

This suit was commenced on the 26th of

July, 1919. The petition in bankruptcy was filed and notice thereof was issued to the defendant on September 25, 1923, for him to appear and answer it on October 21, 1923.

This is a suit in detinue and had been pending for over four years before this petition in bankruptcy was filed. This plaintiff is claiming the property. There is nothing in the record to show whether the defendant was adjudicated a bankrupt, or whether the petition was dismissed and denied, or whether it was still pending and undetermined.

The burden was on the defendant to make proof of the exact situation of the proceedings in the bankruptcy cause. This it failed to do. Under the foregoing circumstances, the court will not be placed in error for refusing to continue the case. In the cases of Brown, Webb Co. v. Southern Woodenware Co., 210 Ala. 505, 98 So. 560, and Brown, Webb Co. v. Edward Rose & Co., 210 Ala. 488, 98 So. 559, there was proof that the defendant had been adjudicated a bankrupt, and the proceedings were still pending, and no decree discharging the bankrupt had been entered, and the suit was for a debt claimed to be due by the bankrupt. In Young & Co. v. Howe, 150 Ala. 157, 43 So. 488, there was a plea of discharge of the debt in bankruptcy and the plea was "admitted by demurrer and replication."

[2] The defendant pleaded: First, General issue. Second, The plaintiff's title to the property is derived from a contract entered into between plaintiff and defendant on the 13th of December, 1918, and the contract was and is without consideration. And pleas 3, A, B, and C set up that plaintiff claims title to the property under a contract entered into between the parties—plaintiff and defendant —and the contract was made in the state of Alabama; and the property at the time of the execution of the contract was in Alabama; and the plaintiff was at the time a foreign corporation, and was not qualified to do business in this state—because the plaintiff had not complied with section 232 of the Constitution of Alabama and with sections 3642 and 3643 of the Code of 1907. The court sustained demurrers to these pleas 3, A, B, and C.

The appellant insists the court erred in each of these rulings for this, and probably other reasons: The grounds of demurrer to each were general. If the court erred in these rulings, which we need not decide, it was without injury to the substantial rights of the defendant. There was proof of the averments in the pleas, and this issue was allowed by the court to be presented under the general issue plea by the defendant by the testimony. Rule 45 of this court.

[3] The court permitted the plaintiff to introduce in evidence, and read to the jury over the objection of the defendant, a contract entered into by the parties on December 13, 1918, in regard to this property. Appellant insists the copy was irrelevant, as the original was not accounted for, and that the original was the best evidence.

The judgment of the court recites:

"Upon the plaintiff's filing motion for judgment by default for evasive answer of defendant to plaintiff's interrogatories propounded to it, defendant admits the execution of the contract inquired about in said plaintiff's interrogatories."

The contract inquired about was this one dated December 13, 1918, which was read to the jury.

The bill of exceptions states:

"The defendant admitted in supplement to the answers to plaintiff's interrogatories that it executed the lease contract bearing date December 13, 1918, and shown on page ——, bill of exceptions."

The only contract appearing in the bill of exceptions dated December 13, 1918, is the one objected to by the defendant, and which was read to the jury. Plea 2 of the defendant avers the execution of this contract, that plaintiff claims title to this property under it, and that it is without consideration.

So under the foregoing admissions in open court by the defendant, shown by the minutes of the court and the bill of exceptions and under plea 2 of the defendant, the court did not err in admitting this contract in evidence.

[4] There is no contention or suggestion that it is not an exact copy of the original. Rule 45 of this court. The evidence shows that when this contract was executed, the property and the parties were in this state, and the property was in possession of the defendant, that plaintiff was and is a foreign corporation and was not qualified to do business in this state because it had not complied with the Constitution and statutory requirements mentioned herein. The appellant insists this rendered the contract void and inadmissible in this cause. This may have rendered this contract void; but this we need not and do not decide. Section 232 of the Constitution; sections 3642 to 3646 of the Code of 1907; Cable Piano Co. v. Estes, 206 Ala. 95, 89 So. 372. Still, it was admissible in evidence. It contained competent evidence. It contained a written declaration by the defendant that this property was owned by the plaintiff and not by the defendant; that the plaintiff was lessor and the defendant the lessee; and that defendant could purchase it from the plaintiff. The defendant thereby, in writing, admitted the title to the machines was in the plaintiff, which was a vital issue between the parties in this cause.

[5] The court gave, at the request of the plaintiff, the general affirmative charge, with hypothesis in its favor and refused to defendant a similar written charge in its favor.

The evidence for plaintiff showed that the defendant, in writing, requested of plaintiff at its New York office prices for this property.

The plaintiff from its office in California, wired defendant the prices for the two machines; and the defendant wired plaintiff's agent in California as follows:

"Enter our order for ten standard gear driven eighteen inch roughing cells and ten standard gear driven twelve inch cleaners as per telegram May twenty-eighth."

On June 24, 1918, defendant wrote plaintiff a letter which contained this:

"I am not very familiar with all the details of contract in this matter, but feel that as soon as you advise us a probable date of shipment that if we remit you half the cost of the machines, which you state is $7,837.50, that the remainder would be paid on presentation of the draft with bill of lading attached."

And on July 2, 1918, the plaintiff replied to this letter by writing this to the defendant:

"I have your letter of 24th by your secretary treasurer and it will be satisfactory to us if you remit one-half of the cost of the machine when it is ready for shipment, and protect our draft against bill of lading for the remainder."

Again, on July 10, 1918, defendant wrote a letter to plaintiff, which contained this:

"We have your letter of July 2d, advising that it would be satisfactory to you if we remit you half the value of the flotation machines when they are ready for shipment, and we wish to thank you very much for the same.

"When you are in position to advise us as to date of shipment, notify us, and remittance will be promptly made, and the remainder you can make draft and attach B/L covering shipment."

There was evidence tending to show the machines were shipped to the defendant on open bill of lading; that plaintiff was the vendor, and defendant was the vendee. The consideration was cash, one-half payable when the machines were ready for shipment and balance of purchase price to be paid by draft attached to bill of lading; that plaintiff employed and paid the Joshua Hendy Iron Works of California to manufacture for plaintiff these machines, and to ship them to the defendant under plaintiff's instructions. The defendant agreed to make the cash payment, but claimed before the machinery was received by it, that it was prevented from so doing by its president, who signed checks, being absent in Washington, and it would be paid as soon as he returned. The defendant received the machines and has never paid any part of the purchase price to the plaintiff. The defendant received the machines in Alabama on November 23, 1918, and failed to pay the purchase cash price.

The plaintiff sent its attorney in fact to Alabama to see the defendant, and they entered into the said lease sale contract, dated December 13, 1918, which appears in full in the report of the case.

The foregoing evidence and its tendencies are to the effect that plaintiff was the vendor and the defendant the vendee of these machines, that the consideration was cash to be paid in full—one-half before and the balance on delivery—the payment being a condition precedent to the title passing from the plaintiff to the defendant, and it was not waived by the plaintiff. This evidence, if believed by the jury, would have entitled plaintiff to recover the property in this suit. This court in this connection in Shines v. Steiner, 76 Ala. 458, wrote:

"Where there is a sale of goods to be paid for by cash on delivery, payment and delivery are concurrent acts. In such case, payment is a condition precedent to passing title to the vendee. If delivery is made without demanding payment, or under circumstances showing no expectation of immediate payment, the condition is waived, and the title passes; but, if the goods are put into the possession of the buyer, on the understanding or agreement that he will pay for them immediately, and he fails or refuses to do so, the seller may recover the goods. 1 Ben. on Sales, §§ 335, 356."

This principle was affirmed in Drake v. Scott, 136 Ala. 261, 33 So. 873, 96 Am. St. Rep. 25, and Harmon v. Goetter, Weil & Co., 87 Ala. 325, 6 So. 93.

It is true the plaintiff filed interrogatories to the defendant, and the answers were introduced in evidence by the plaintiff, and the defendant testified therein:

"The two above-described machines are now in the mill or plant of the Pocahontas Graphite Company in Clay county, Alabama. These two machines were purchased by defendant from the Joshua Hendy Iron Works and were in possession of the Pocahontas Graphite Company on July 26, 1919, as per bill rendered. There was to be paid to Joshua Hendy Iron Works, $7,-837.50, as per bill rendered by them, which amount has not yet been paid to them."

And the plaintiff introduced the receipt of the defendant for the machines, and the waybill on which they were shipped. It appears from these papers that the Joshua Hendy Iron Works was the consignor and the defendant was the consignee. But this is reconcilable with the letters and contract of plaintiff and defendant that the plaintiff is the vendor and the defendant the vendee, and that the Joshua Hendy Iron Works made the machines for the plaintiff and shipped them to the defendant at plaintiff's request.

And the court did not err in giving the general affirmative charge, with hypothesis, in favor of the plaintiff. Authorities, supra.

[6] The appellant contends that the court erred in its oral charge in directing the jury to assess damages for the detention of the property to the time of the trial. Appellant insists that it was liable for damages for detention only to the time of the filing of a petition of involuntary bankruptcy, as the property was afterwards placed in the custody of the trustee in bankruptcy.

The statute provides that the judgment against either party must be for the property

sued for, or its alternate value, with damages for its detention to the time of trial. Section 7392, Code of 1923.

We find no evidence before the jury as to the defendant being declared a bankrupt and a trustee in bankruptcy taking possession of this property. So the question discussed by the appellant is not presented for review by the record. We find this, only, in the bill of exceptions, as to the bankruptcy of the defendant:

"Thereupon, the defendant suggested the bankruptcy of the defendant.

"The Court: 'I think the suit could be maintained.'"

The defendant pleaded the general issue, which is an admission of the possession by defendant of the property sued for, at the time of the commencement of the suit. Section 7404 of the Code of 1923; Acts 1911, p 33, § 1. When the suit was filed, plaintiff, by its agent and attorney, made affidavit that the property sued for belongs to the plaintiff, and gave bond as the statute permits; and the clerk·indorsed on the summons that the sheriff is required to take the property mentioned in the complaint into his possession, unless the defendant give bond therefor, as the statute provides. The clerk made the indorsement on the summons, the sheriff took possession of the property, and, within the time thereafter allowed by the statute, the defendant gave bond and secured and retained possession of the property, under the statute. So, under these circumstances, we must hold the court did not err in its general oral charge when it stated that if they returned a verdict for plaintiff for the property, "to assess the damages for its detention to the time of the trial." Sections 7389 and 7392 of the Code of 1923.

[7, 8] The judgment in this case is irregular. It is for the property and for the amount of the damages for its detention, as assessed by the jury. It should have been for the property or its alternate value as assessed by the jury, and for the amount of the damages for its detention as assessed by the jury. Section 7392, Code of 1923; Jernigan v. Willoughby, 159 Ala. 650, 48 So. 812; Greene v. Lewis, 85 Ala. 221, 4 So. 740, 7 Am. St. Rep. 42. The judgment was also irregular in that it contained a conditional judgment against the defendant and its surety on the replevy bond, which was not authorized by the statute. Rand v. Gibson, 109 Ala. 266, 19 So. 533; Jordan v. Appleton, 209 Ala. 290, 96 So. 195; section 7394, Code of 1923; Clem v. Wise, 133 Ala. 408, 31 So. 986.

Let the judgment be corrected here in accordance with this opinion, and, as corrected, it is affirmed.

Corrected and affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.